TERRITORY, appellant, *v.* ASHBY, respondent.

2   89,<br>27  138

ALLEGATION OF CRIME IN INDICTMENT. Under the Criminal Practice Act of the Territory, an indictment is sufficient which alleges, clearly, a crime and notifies the accused of the act which is complained of ; and the highest degree of certainty is not required.

DESCRIPTION OF ALLEY IN INDICTMENT FOR OBSTRUCTING HIGHWAY. An indictment contains a sufficient description of a public alley, which alleges that there was, in Helena, an ancient highway, known as —— alley, in a certain block leading from thence to Rodney street, and that the accused erected a fence across said alley, near the west end of 'said Rodney street, and continued the same a certain time.

PROSECUTION AFTER REPEAL OF STATUTE. A party cannot be convicted of an offense after the statute defining it has been repealed, and there is no legislation saving pending prosecutions.

OBSTRUCTION OF HIGHWAYS — *joinder of offenses.* An indictment, which alleges that a party obstructed a public alley by the erection of a fence upon a certain date, and continued to maintain the same thereafter, does not state two offenses that cannot be joined.

ALLEGATION OF TIME IN INDICTMENT UNDER DIFFERENT STATUTES. An indictment, which alleges that the accused obstructed a highway from June 21, 1872, to November 2, 1872, is not invalidated by the repeal of the old law defining the offense and the passage of a new law relating thereto on August 1, 1872

*Appeal from Third District, Lewis and Clarke County.*

THE court, WADE, J., sustained Ashby's motion to quash the indictment, and the Territory appealed.

VOL. II.—12

J. J. WILLIAMS, District Attorney, Third District, for appellant.

The offense is couched in the language of the statute. The offense of erecting a nuisance is the same as that of continuing it. Acts 1865, 209, § 129; Cod. Sts. 303, § 147; 544, §§ 2, 3.

Every continuance of a nuisance is a new offense under the statute. A series of acts, which separately or together constitute an offense, may be charged in a single count. All of the acts constitute no more of an offense than one of them. *People* v. *Frank*, 28 Cal. 513.

W. F. SANDERS, for respondent.

The description of the ancient common highway in the indictment is indefinite and insufficient. There is no description which the defendant could avail himself of as a protection against further prosecutions, on conviction or acquittal.

SERVIS, J. The defendant was indicted, at the October term of Lewis and Clarke county district court, A. D. 1872, charged with the commission and continuance of a nuisance.

The indictment charges: "That, at the time of committing the nuisance hereinafter mentioned, there was and yet is a certain ancient common highway in the town of Helena, in the county of Lewis and Clarke, in the Territory of Montana, known as —— alley, in block No. 28 of said Helena, leading from and through said block No. 28 of said Helena, into, through and over a certain other public highway, called Rodney street, for all of the good people of said Territory to go, return, pass and repass at pleasure. And that on the 21st day of June, A. D. 1872, one Sherley Ashby, late of said county and Territory, with force and arms, at a certain place in said town of Helena, contiguous to and on the west side of said public highway, called Rodney street, and across said alley known as —— alley, in said block No. 28 aforesaid, leading through said block No. 28 into said public highway, called Rodney street, said alley then and there being a public highway as aforesaid, unlawfully and injuriously did erect and cause to be erected a certain wooden fence of the length of 13 feet and of the height of 4 feet, upon and across said public highway known as —— alley in block No. 28 aforesaid, and that the

said Sherley Ashby the wooden fence erected and made as afore-
said, from the said 21st day of June, A. D. 1872, until the find-
ing of this indictment, with force and arms at said place where
said wooden fence was so erected, unlawfully and injuriously did
continue to keep and maintain, and yet doth continue, by which
the common highway last aforesaid was, during all of said time,
obstructed, injured and stopped up so that the same became and
was impassable, to the great damage and common nuisance of the
people, contrary to the statute, and against the peace and dignity
of the Territory."

To this indictment, the defendant, without arrest or plea,
appeared by counsel, and moved to quash the same, for the fol-
lowing reasons:

First. That said pretended highway is not a common, ancient
highway, nor is there in said Helena such ancient, common
highway.

Second. Because said highway is not described with such exact-
ness as to enable defendant to ascertain the particular alley for the
obstruction of which he is indicted, nor would a conviction or
acquittal constitute a bar to a second prosecution for obstructing
this alley in said block 28.

Third. Because there was no statute in force June 21, 1872,
demanding penalties for such obstruction of an alley or highway,
which has not been repealed.

Fourth. Because two separate offenses are charged, to wit:
Obstructing an alley, and continuing the same.

Fifth. Because said statutes, under which the indictment is
found, did not take effect until August 1, 1872.

Sixth. Because offenses committed before August 1, 1872, are
punishable under our statute, then repealed as to all offenses
thereafter committed, and because the offenses charged in said
indictment are not punishable in the same penalty, and because
two separate and distinct statutes cover the offense charged, one
of which statutes only was in force at any time, covered by the
allegations of the indictment.

Seventh. Because two distinct and independent offenses are
charged, and with different penalties, so that, upon a verdict of
guilty, the court could not fix the penalty which the law provides.

Eighth. Because of the other defects appearing from said indictment.

This motion, the court, on hearing, sustained, and, without further judgment or order, as shown by the record, the Territory appealed to this court. And we are, therefore, called upon to determine whether the court, in sustaining this motion, erred. To do this we must necessarily examine, not only the indictment, but the several grounds contained in the motion to quash the same.

As to the first grounds of the motion, we think they were not well taken. It could only be determined on trial upon a plea of not guilty, or motion in arrest of judgment after trial and conviction.

The second ground of the motion goes to the sufficiency of the indictment.

It is a well-established rule of criminal law, based upon sound principles, that every indictment should contain a complete description of the offense charged; that it should set forth the facts constituting the crime, so that the accused may have notice of what he is to meet, and so that the court, applying the facts to the law, may see whether a crime has been committed. This is necessary, also, in order that the court may know, upon conviction, what crime has been committed. But the highest degree of certainty is not required; certainty to a common intent is sufficient in the statement of an offense; and no rule ought to prevail which would serve only to shield the guilty instead of protecting the innocent; unreasonable strictness ought not, and is not, under our Criminal Code, required; and where the indictment clearly charges a crime, and fairly advises the defendant what act of his is the subject of complaint, the principal object of pleading is attained.

It is insisted in argument, that this indictment is insufficient as to its description of the highway, and the alley alleged to have been obstructed, and that no termini of the alley or highway is described, etc. Let us examine the averments of the indictment in this respect. And a true paraphrase thereof is: That, at and during the time alleged, there was an ancient highway in the town of Helena, known as ____ alley, in block number 28 of said

town, which led from thence to and over a highway called
Rodney street.    That the defendant erected a fence across said
alley contiguous to and near the west end of said Rodney street,
and kept and continued the same across said alley from the 2d
day of June, A. D. 1872, and until the 2d day of August, A. D.
1872.

The statute relative to this offense provides: If any person
shall obstruct or injure, or cause to be obstructed or injured, any
public road or highway, or common street, or alley, of any town,
city or village, etc., or shall continue such obstruction, so as to
render the same inconvenient or dangerous to pass, etc., etc., he
shall, upon conviction, be fined, etc., and the court may abate
such nuisance.    Cod. Stats. 303, § 147.

By this statute it is made an offense to obstruct an alley in a
town.    The indictment charges the defendant with obstructing
an alley in the town of Helena, and that it is and was a public
alley — a public highway.    It is true, it does not give the width
nor termini of the alley; neither do we think it necessary.    The
description given in the indictment is amply sufficient to so ap-
prise an officer charged with the duty of abating such nuisance
to act understandingly, as well as to apprise the accused, without
any unreasonable difficulty, of the place intended; and if there be
any such difficulty, advantage thereof can be taken, under our
practice, by demurrer.    This doctrine, we think, is well sustained
in Archbold's Criminal Practice and Pleadings, and in *Common-
wealth* v. *Hall*, 15 Mass. 240.    We are, therefore, of the opinion
that the indictment in this case is sufficiently definite in its de-
scription of the offense charged, and that a verdict of acquittal or
conviction under it would be a bar to a future prosecution, espec-
ially so as, by the 224th section of our Criminal Code, a plea of
former conviction or acquittal will be held good, not only for the
offense charged, but for any offense necessarily *included* in the
indictment, of which the defendant might have been convicted.

The more difficult questions to be determined arise out of the
remaining grounds of the motion to quash the indictment, to a
correct determination of which we must examine the various stat-
utes of this Territory, defining and punishing this offense.    The
statutes of 1865 and of 1872 upon this subject were exactly alike.

The latter arose from the codification of the laws of the Territory, and it is but reasonable to presume that this latter statute was not intended to form a part of the codified criminal laws. It was, to say the least, no amendment to, or modification of, the former law upon the same subject. But be this as it may, we find the law upon our statute books, and being called upon to adjudicate upon it, must do so as our best judgment shall dictate.

The law of 1872, by its terms, took effect August 1, 1872, and it also provided as follows (§ 192): "All acts and parts of acts conflicting herewith, as to crimes committed after this act shall go into effect, are hereby repealed. All laws heretofore existing upon the subject of crimes and punishments shall remain in full force and effect as to all crimes committed before this act goes into effect."

That this law, no matter by what means it has crept into and upon our statute, is undoubtedly, at least so far as it *conflicts* with the law of 1865, a repeal of that law, as found in section 129 of the Bannack statute of 1865. We believe the doctrine to have been universally established, both in England and in the United States, that when a criminal statute is repealed, and there is no provision in the repealing statute saving offenses or pending prosecutions under it, no conviction, after such repeal, can be legally had under such statute; and the statute repealed must be considered, except as to transactions passed and closed, as if it had never existed. And this doctrine, so long and universally established, should not be destroyed by indulging in conjectures as to the intent of the legislature.

Now let us see the law of 1872 repealed, what? "*All acts and parts of acts conflicting herewith.*" Wherein, we would inquire, is section 129 of the law of ·1865 in *conflict* with section 147 of the law of 1872, and the answer is, nowhere; then is the old law repealed? The fact that our legislature does exactly what a former legislature has done, does not thereby necessarily impair the validity of the same act of the former legislature, or repeal it, unless it clearly appears that such subsequent legislation was intended as a revision of and substitute for the former legislation.

But suppose such in fact was the intention of the legislature of

1872. How then stood the law in question as to the charge in the indictment? The old law was, without doubt, in force until August 1st, 1872. The new law was in force (if at all) from and after August 1st, 1872. The charge in the indictment covered this whole time. Then was there not an offense charged under one or the other or both of the acts? It is quite clear that there was. But it is insisted that, although there were two statutes in force during the time charged in the indictment, that the court could not, upon conviction, pronounce judgment according to the right of the case. Why not? It is quite clear, that the defendant could have been convicted if the proof would so justify, from June 2d, 1872, until August 2d, 1872, for that is expressly provided for in the law of 1872. And the averment in the indictment that the nuisance was continued beyond the time of the life of the statute, would not thereby invalidate the indictment. It might affect the extent of the proof. And on the other hand, suppose the old law to have been absolutely repealed without any saving clause as to acts committed or actions pending. Why could not the defendant be convicted or acquitted from the time the new law took effect until November 2d, 1872, when the indictment was found? The averment in the indictment that the offense was committed before the law took effect, and so continued from that time forward, during which there was a law punishing the offense, does not invalidate the indictment nor defeat an investigation during the time the law in fact was in force.

The fact that the indictment avers, that *on* the 2d day of June, 1872, the defendant erected the fence (nuisance) and thereafter *continued* to *maintain* the same, is not under our statute such a statement of two separate offenses as cannot be joined in one count. This proposition is not only sustained upon principle but upon authority. *People* v. *Frank*, 28 Cal. 513.

We are, therefore, of the opinion that the motion to quash the indictment was not well taken, and that the court erred in sustaining the same. The judgment of the court below is, therefore, reversed and the cause remanded for further proceeding.

*Exceptions sustained.*

WADE, C. J.  I concur in the foregoing decision, with the following statement:

At the time the decision was rendered below, the law of 1872, prescribing the penalty in cases of nuisance, as published in the Codified Statutes, provided that the penalty, in all cases, should be a fine of $1,000, while the statute of 1865 provided a penalty in any sum from $1 to $1,000.  The law of 1872 took effect the 1st of August of that year, while that of 1865 remained in force up to that time.  The offense charged in the indictment is alleged to have been committed continuously from the 21st day of June, 1872, to the first Monday of November of that year.

Upon a verdict of guilty on such an indictment, with the statutes in the condition as stated, it would have been utterly impossible for the court to have rendered any judgment whatever, unless it undertook arbitrarily to determine which offense the defendant was guilty of, and to say that the jury found the defendant guilty under the old statute in force up to the 1st of August, or under the new one, in force after that time up to the time of finding the indictment.  And for this reason the demurrer was sustained.  Upon further investigation it is ascertained that the statute of 1872, as published, was erroneous, and that the act of 1872, as it was enacted by the legislature and approved, was and is an exact copy of the statute of 1865, and hence the only reason for the decision below fails, and for these reasons I concur in the decision as herein rendered.