## COLLINS v. THE STATE.

LIQUOR LAW.—*Common Nuisance.*— *Indictment.*—*Time.*—*Judicial Notice.*— *Act of 1875.*—*Section 17.*—An indictment against a defendant who had a license to sell intoxicating liquor charged, that, "on the 1st day of June, A. D. 1875," and thence up till the finding of the indictment, the defendant kept the place where he sold intoxicating liquor in a disorderly manner, etc.

*Held,* that, under the proviso of section 17 of the act of March 17th, 1875, 1 R. S. 1876, p. 869, regulating the sale of intoxicating liquors, the offence charged was not punishable until after the close of the regular sessions of the boards of commissioners next after the taking effect of such act.

*Held,* also, that the courts of this State will take judicial notice that such regular sessions of such boards of commissioners convened on Monday, June 7th, 1875.

*Held,* also, that the offence charged could not be committed on June 1st, 1875, that no other time is sufficiently laid in such indictment, and, therefore, that the indictment is bad on motion to quash.

From the Fayette Circuit Court.

*E. J. Smith, W. Morrow, N. Trusler* and *J. A. Henry,* for appellant.

*C. A. Buskirk,* Attorney General, for the State.

NIBLACK, J.—This was a prosecution under an indictment for keeping a disorderly house, where spiritous, vinous and malt liquors were sold.

The indictment, which was returned at the November term, A. D. 1875, of the court below, charges, "That one John Collins, late," etc., "on the 1st day of June, A. D. 1875, at," etc., "who was then and there licensed according to the provisions of an act of the Legislature of Indiana, approved March 17th, 1875, to sell spiritous, vinous and malt liquors, in a less quantity than a quart at a time, to be drank upon the premises where sold, did then and there unlawfully, from said 1st day of June, A. D. 1875, continuously up to the time of making this presentment, keep a house where spiritous, vinous and malt liquors were sold, bartered and given away, to be drank upon

the premises where sold as aforesaid, in a disorderly manner, in this, that he did then and there, during said time, suffer, permit and encourage divers persons to come to, and remain in and about, said house, by day and by night, drinking, carousing, swearing, hollowing, cursing, yelling, fighting and misbehaving,  *  *  *  *  *  to the disturbance and annoyance of divers good citizens of said county," meaning thereby the county of Fayette, in which the indictment was found.

A motion to quash the indictment was overruled, to which an exception was noted.

A trial resulted in a verdict of guilty, and the conviction of the defendant.

The sufficiency of the indictment is the only question to which the appellant has invited our attention.

Section 17 of the act of March 17th, 1875, which defines the offence intended to be charged in this indictment, reads as follows:

" Every place, house, arbor, room or shed, wherein spiritous, vinous or malt liquors are sold, bartered, or given away, or suffered to be drank, if kept in a disorderly manner, shall be deemed a common nuisance, and the keeper thereof, upon conviction, shall forfeit his license and be fined in any sum not less than ten nor more than one hundred dollars: *Provided,* That no prosecution shall be instituted or maintained against any person for any violation of the provisions of this act occurring between the time when it shall take effect and the close of the first regular session of the board of commissioners of the proper county, the beginning of which session not taking place in less time than four weeks after this act shall have taken effect." 1 R. S. 1876, p. 872.

It is objected, that the indictment shows on its face, that it was presented in disregard of the proviso contained in the section above quoted.

We are of the opinion that this objection is well taken. We must take judicial notice, that the first regular ses-

sion of the board of commissioners of Fayette county, after the taking effect of the above named act of ;March 17th, 1875, to regulate and license the sale of spiritous, vinous and malt liquors, did not meet until the first Monday in June, 1875, which was the 7th day of June of that year, and that, consequently, the section above set out had not gone into full effect on the 1st day of June, 1875, the day named in the indictment on which the alleged offence was committed. Under the proviso, therefore, the offence was not an indictable one on that day.

In our code of criminal pleading and practice, it is provided, that " The precise time of the commission of an offence need not be stated in the indictment or information; but it is sufficient if shown to have been within the statute of limitations, except where the time is an indispensable ingredient in the offence." 2 R. S. 1876, p. 384, sec. 56.

Under this provision, it has been nevertheless decided, that it is still necessary to allege a particular day on which the offence was committed. *Clark* v. *The State*, 34 Ind. 436.

We think the fair inference from this provision of the criminal code, taken in connection with previous decisions of this court, is, that the day on which an offence is charged to have been committed must be at a time when the offence was an indictable one, and that, to that extent at least, time is an essential ingredient in all offences in this State. Much latitude is allowed as to the proof of the time of the commission of an offence, without reference to the time charged in the indictment; but this latitude can not extend beyond the period of time within which the offence is or has been punishable.

In our opinion, this case stands practically as if no particular day had been alleged in the indictment, and that, for that reason, the court erred in overruling the motion to quash the indictment. The allegation, that the offence

was a continuous one, does not cure the defect. 1 Wharton Criminal Law, sections 261, 262, 266 and 267.

The judgment is reversed, and the cause remanded for further proceedings, in accordance with this opinion.