## COMMONWEALTH vs. HENRY PURDY.

Norfolk.   November 21, 1887. — February 28, 1888.

Present: MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Intoxicating Liquors — Complaint — Evidence — Time.*

On a complaint dated August 23, 1887, and alleging the keeping for sale of intoxi-
cating liquors on April 1, 1887, "and on divers days and times" between that
date and November 1, 1886, evidence of such keeping prior to November 1, 1886,
but within two years of the making of the complaint, is inadmissible.

COMPLAINT dated August 23, 1887, alleging that the defend-
ant on April 1, 1887, at Medway, "and on divers days and times
between said first day of April and the first day of November,
eighteen hundred and eighty-six, did keep intoxicating liquors
with intent to sell the same."

At the trial in the Superior Court, on appeal, before *Blod-
gett*, J., evidence was admitted, against the objection of the
defendant, that on July 3, 1886, a seizure of liquors was made
in the dwelling-house occupied by the defendant, but not in the
part occupied by him as a store; and that the defendant, in a
conversation had with a witness in July, 1886, had admitted that
he had previously sold intoxicating liquors.

The judge instructed the jury that if the evidence proved be-
yond a reasonable doubt that the defendant kept at Medway
intoxicating liquors with intent to sell the same at any time
within two years before the making of the complaint, the jury
would be authorized to find the defendant guilty.

The jury returned a verdict of guilty; and the defendant
alleged exceptions.

*F. D. Ely*, for the defendant.

*H. C. Bliss*, Assistant Attorney General, for the Common-
wealth.

MORTON, C. J.   The offence of keeping intoxicating liquors
with intent to sell the same unlawfully may extend over many
successive days, and may properly be charged with a continuando.
*Commonwealth* v. *Chisholm*, 103 Mass. 213.   When a continuing
offence is charged, the time alleged is material; it is descriptive

of the offence, and fixes its identity; and the evidence generally must be confined to acts done within the time specified, and the defendant can be convicted only for such acts. *Commonwealth* v. *Briggs*, 11 Met. 573. *Commonwealth* v. *Elwell*, 1 Gray, 463. *Commonwealth* v. *Dunster*, 145 Mass. 101.

In the case at bar the offence is charged with a continuando, and the Superior Court erred in admitting proof of acts of the defendant at times not specified in the complaint, and in ruling that he might be convicted if he kept intoxicating liquors with intent to sell the same at any time within two years before the making of the complaint. *Exceptions sustained.*