COMMONWEALTH *vs.* MAX PERETZ.

Suffolk.   March 11, 1912. — June 4, 1912.

Present: RUGG, C. J., BRALEY, SHELDON, & DeCOURCY, JJ

*Practice, Criminal,* Indictment.

An indictment found on August 6, 1910, under St. 1910, c. 424, § 5, charging that
the defendant during the three months next preceding the finding of the in-
dictment, knowing a certain woman to be a prostitute, did derive support and
maintenance in part from the earnings and proceeds of her prostitution, is suffi-
cient, although that statute did not go into effect until after the beginning of
the three months named in the indictment and the acts charged to have been
committed by the defendant were not indictable during the first part of the
period described.

INDICTMENT, found and returned on August 6, 1910, under St.
1910, c. 424, § 5, charging that the defendant at Boston, "during
the three months next preceding the finding of this indictment,
well knowing one Freida Peretz to be a prostitute, did derive
support and maintenance in part from the earnings and proceeds
of the prostitution of said Freida Peretz as such prostitute."

In the Superior Court the case was tried before *Sanderson,* J.
Before the jury were sworn the defendant moved to quash the in-
dictment, assigning as one of the reasons that the indictment al-
leged a portion of the time when no such offense was known to the
law. The judge denied the motion, and the defendant excepted.
The facts relating to this question are stated in the opinion.
The defendant asked the judge for certain rulings, the first of which
was that upon all the evidence the jury must find the defendant
not guilty of the offense charged. The judge refused to make this
and other rulings requested by the defendant. The jury returned
a verdict of guilty; and the defendant alleged exceptions.

The case was submitted on briefs.

*W. R. Scharton & J. F. Barry,* for the defendant.

*A. C. Webber,* Assistant District Attorney, for the Common-
wealth.

SHELDON, J.   The first and most serious objection to the validity
of this indictment is that it charges the offense to have been com-

mitted "during the three months next preceding the finding of this indictment." This is a proper mode of averment, and would authorize a conviction upon proof that the crime charged had been committed during the period of time thus defined. R. L. c. 218, § 32. But the indictment was found on the first Monday of August, that is on August 6, of the year 1910. The acts charged did not constitute an offense at common law, but were made criminal by St. 1910, c. 424, § 5, which was approved on April 22, and so did not go into effect until May 22, 1910. R. L. c. 8, § 1. The defendant is charged with having committed the alleged acts during the time between May 6 and August 6, 1910, but his acts were not criminal until May 22 of that year. He contends that this allegation of time is a material averment, descriptive of the offense and fixing its identity, and therefore that the indictment is fatally defective in a substantive averment as to an essential ingredient of the offense charged. *Commonwealth* v. *Pray,* 13 Pick. 359. *Commonwealth* v. *Elwell,* 1 Gray, 463. *Commonwealth* v. *Adams,* 4 Gray, 27. And see *State* v. *O'Donnell,* 81 Maine, 271; *Collins* v. *State,* 58 Ind. 5; *Collins* v. *State,* 5 Tex. App. 37; *Brewer* v. *State,* 5 Tex. App. 248. He relies also upon the well-settled principle that an acquittal or a conviction upon a charge that a continuing offense has been committed during a specified time will be a bar to another prosecution for a like offense during another specified time which includes any part of the time named in the first charge. *Commonwealth* v. *Robinson,* 126 Mass. 259, and cases cited. *Commonwealth* v. *Dunster,* 145 Mass. 101. *Commonwealth* v. *Goulet,* 160 Mass. 276.

We do not doubt that the offense here charged may be continuous in its nature, although it may be that it could be committed also by a single act of deriving one's support in part from the prohibited source. *Commonwealth* v. *Pray,* 13 Pick. 359, 362. *Wells* v. *Commonwealth,* 12 Gray, 326. *King* v. *Dixon,* 10 Mod. 335. So far as an offense is charged, it is accordingly one continuous offense, constituted both by a series of acts and by a duration of time; and when the time and the acts are properly proved, the offense is single and indivisible. *Commonwealth* v. *Robinson, ubi supra.* Perhaps it may be that before the passage of St. 1899, c. 409, now contained in R. L. c. 218, the question here presented would have admitted only of an answer favorable to the defendant's

contention. But the defect claimed to exist in the indictment is not that it does not fully set forth a criminal offense, but that it charges too much. The defendant is none the less charged with guilt during the period after May 22, that he is charged also with having done the acts stated before that day, when they did not constitute a crime. And it is provided by the statute to which we have referred that " an indictment shall not be quashed or be considered defective or insufficient if it is sufficient to enable the defendant to understand the charge and to prepare his defense; nor shall it be considered defective or insufficient for lack of any description or information which might be obtained by requiring a bill of particulars as provided in section thirty-nine." R. L. c. 218, § 34. It has not been claimed in argument that this indictment does not fully meet these requirements. It tells the defendant exactly what charges are made against him. It is not suggested that he needed any bill of particulars to enable him to prepare his defense.

In many of the cases on which the defendant relies the charge was of the commission of an offense on a day named and "on divers other days and times" within an interval stated, where the prosecution could not be maintained for anything done on the first day specified, and no other day was particularly charged, as was held to be necessary. See for example *State* v. *O'Donnell,* 81 Maine, 271; *Collins* v. *State,* 58 Ind. 5; *State* v. *Rollet,* 6 Iowa, 535. But under our statute no averment of time is needed, unless that is an essential element of the crime charged; R. L. c. 218, § 20; and in any event the question is whether the indictment complies with the requirements of § 34 above quoted.

The precise claim made by the defendant has been overruled in some other jurisdictions. *Nichols & Janes' Case,* 48 Va. 589. *State* v. *Way,* 5 Neb. 283. *Territory* v. *Ashby,* 2 Mont. 89. In each of these cases the indictment was for an offense which by its nature might be continuous. In each case, the charge was that the offense had been committed during a time which began before the passage of the statute that created the offense charged, and included a period subsequent to that passage; and in each case it was held that the indictment was good and would support a conviction upon proof that the acts charged had been done within the time averred and since they had been made criminal by the taking effect of the statute. We might not be willing to adopt all the reasoning

of some of these cases; but the result reached in them seems to us to have been good. The same doctrine in principle, as to the possibility of subdividing an alleged interval of time, has been held in some well considered cases in Maine, in which an integral part of the time charged could not be proved, either because of the operation of a statute of limitations or by reason of a change in the statute which fixed the penalty for the offense charged. *State* v. *Pillsbury*, 47 Maine, 449. *State* v. *Cofren*, 48 Maine, 364. *State* v. *Dorr*, 82 Maine, 212. In one of these cases there was indeed a doubt expressed whether a conviction could have been sustained for the time following the change in the statute; but in the case at bar we do not deem that distinction material.

We do not intend to throw doubt upon the doctrine that a charge with a *continuando* of an offense continuous in its nature is a charge of one indivisible offense, where that particular offense could have been committed and that penalty incurred during the whole of the time stated. Where, however, this is not the case, courts have found no insuperable difficulty in apportioning the charge and rejecting as immaterial that part of the averment which charged no crime. Besides the cases already cited, see *State* v. *Woodman*, 3 Hawks, 384. It is difficult on principle, where an offense is well charged by apt and sufficient words, to say that the charge is vitiated by the addition of other averments, not themselves inconsistent with the truth of that charge and being wholly without legal operation upon the guilt or innocence of the defendant or upon his ability to make his defense against the real and only charge contained in the indictment. *Commonwealth* v. *Pray*, 13 Pick. 359, 361. *Wells* v. *Commonwealth*, 12 Gray, 326. *Commonwealth* v. *Lord*, 147 Mass. 399. *State* v. *Cassety*, 1 Rich. 90. *State* v. *Kirkpatrick*, 63 Iowa, 554. Nor can any fair and just distinction be made between merely additional independent averments and a single averment, itself including a good charge but partly ineffective by reason of having too wide a scope.

Accordingly we are of opinion that this objection to the indictment cannot be sustained.

The statute is plainly constitutional; *Commonwealth* v. *Pear*, 183 Mass. 242; and the indictment sufficiently charges the defendant's guilt. *Commonwealth* v. *Donovan*, 170 Mass. 228, 235. *Commonwealth* v. *Rogers*, 181 Mass. 184, 190. It was not neces-

sary to negative in advance such possible defenses as might be set up by the defendant.   *Commonwealth* v. *Hart,* 11 Cush. 130.

The other reasons assigned in the motion to quash the indictment appear to have been waived and need not be considered. That motion rightly was overruled.

The only other exception which has been argued by the defendant is that taken to the refusal of the judge to rule that upon all the evidence the jury must find the defendant not guilty.   It is manifest that this ruling could not have been made.   We need not recapitulate the evidence.   It abundantly warranted a conviction. It has not been argued before us that if the woman from whose prostitution the defendant derived support was his wife, his conduct was any the less a violation of the statute or any the less criminal.

*Exceptions overruled.*