COMMONWEALTH *vs.* HARRY L. RUNGE.
SAME *vs.* SAME.

Suffolk.    November 14, 1918. — January 6, 1919.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Physicians and Surgeons. Practice, Criminal,* Continuing offence, Judge's charge: curing error. *Evidence,* Relevancy.

Where a complaint under R. L. c. 76, § 8, charges the defendant with unlawfully holding himself out as a practitioner of medicine between two dates named, the complaint is for a continuing offence and the time during which the defendant is charged with having committed a series of acts is a material part of the offence described, and accordingly evidence of acts committed by the defendant before the time specified must be excluded.

The provisions of R. L. c. 218, § 20, in regard to allegations of the time of the commission of a crime are not made applicable to continuing offences where time "is an essential element of the crime."

At the trial on a complaint under R. L. c. 76, § 8, for practising medicine without being lawfully authorized to do so and without being registered as required by law, the judge in his charge made certain remarks in regard to the leniency that the court endeavored to exercise in imposing sentences in such cases, but the judge immediately added the following instructions: "But in regard to the disposition of the case, leave that all aside. That is not something concerning which you have to worry or bear the responsibility; that is upon the court. What you have to decide here is the truth. If, upon the law and the evidence in this case, there should be a verdict of guilty, say so; and if there should be a verdict of not guilty, then say that too; but come into court — whether it be a verdict for the government or for the defendant — with a verdict which in your consciences you believe to be a true verdict, a verdict the rendering of which you and all concerned with the case can feel satisfaction with, a verdict after the rendering of which you can look your fellows in the eye, and say, 'According to my conscience, this verdict is a true verdict.'" *Held,* that, if the defendant had had any right to complain of the earlier part of the judge's charge referred to above, his ground of complaint had been removed by the further instructions of the judge that immediately followed.

Two COMPLAINTS under R. L. c. 76, § 8, received and sworn to in the Municipal Court of the City of Boston on February 18 and August 3, 1915, the first charging the defendant with practising medicine on November 18, 1914, and on divers other days between that date and February 18, 1915, not being authorized to do so and not being registered with the board of registration in medicine of the Commonwealth according to law, and the second charging the defendant with holding himself out as a practitioner of medicine between March 3, 1915, and August 3, 1915, without being lawfully authorized to practise medicine within the Commonwealth and without being registered as required by law.

In the Superior Court the defendant was tried on both complaints before *Dana,* J. The material evidence is described in the opinion. The defendant made a motion upon each of the complaints that the judge should instruct the jury upon all the evidence to return a verdict of not guilty. The judge denied both of these motions, and he also refused to make certain rulings requested by the defendant. The material portion of the judge's charge is described and quoted in the opinion.

"The defendant excepted to that portion of the judge's charge upon the second complaint which instructed the jury to consider and apply evidence outside of the dates alleged in that complaint for the purpose stated by the" judge. He also "excepted to that portion of the judge's charge which referred to the manner of disposing of a case."

The jury returned a verdict of guilty on each of the complaints; and the defendant alleged exceptions.

The appeal referred to in the opinion was taken in each case by the defendant from an order of the judge denying a motion to quash the complaint.

*J. F. Barry,* for the defendant.

*A. C. Webber,* Assistant District Attorney, for the Commonwealth.

LORING, J. In this case there were two complaints. The second complaint charged the defendant with having unlawfully held himself out "as a practitioner of medicine" (in violation of R. L. c. 76, § 8), between March 3, 1915, and August 3, 1915. At the trial the government did not put in evidence any such act between the dates named. But it did introduce evidence of

one such act on February 21, 1914, and of another on February 12, 1915. The presiding judge instructed the jury that, if the defendant held himself out as a practitioner of medicine upon any occasion preceding the date alleged in the complaint and within a period of six years next before that date they could find the defendant guilty. To this ruling the defendant took the exceptions which are now before us.

The offence created by R. L. c. 76, § 8, may be committed by a single act or by a series of continuous acts. That is to say, it may consist of a single offence or of a continuing offence. In the case at bar the government elected to charge the defendant with a series of acts committed between March 3, 1915, and August 3, 1915, which constituted the continuing offence of illegally holding himself out as a practitioner of medicine. When a defendant is charged with a series of acts as a continuing offence, the offence charged is a single indivisible offence and a part of the description of the offence charged is the duration of time during which it is charged in the indictment the series of acts took place. That was decided in *Commonwealth* v. *Robinson,* 126 Mass. 259. In that case the defendant was complained of for keeping a liquor nuisance between January 1 and August 20. He pleaded in bar that he had been acquitted on a complaint charging him with having kept the same illegal liquor nuisance from January 1 to May 28. It was held that the acquittal was a bar. The decision was made on the ground that a continuing offence for a period named is one indivisible offence, and since the defendant in the case then before the court had theretofore been acquitted of the offence for a portion of the time in question on the later charge he had been acquitted of the offence later charged. It follows from this that the duration of time specified in case of a continuing offence is a part of the description of the offence charged. It is for this reason that evidence of acts committed outside the time specified are not admissible in evidence. *Commonwealth* v. *Briggs,* 11 Met. 573. *Commonwealth* v. *Purdy,* 146 Mass. 138. *Commonwealth* v. *Fuller,* 163 Mass. 499, 500.

The learned district attorney has argued that this has been changed by § 10 of the act for the simplification of criminal pleading (St. 1899, c. 409), now R. L. c. 218, § 20. But that section does not apply where "it [time] is an essential element of the

crime." He has argued also that *Commonwealth* v. *Peretz*, 212 Mass. 253, is authority for his contention that the rule as to continuing offences was changed by the act for the simplification of criminal pleading. But the decision in *Commonwealth* v. *Peretz*, was not founded upon § 10 of the original act, now R. L. c. 218, § 20, but upon § 5 of the original act, now R. L. c. 218, § 34. What was decided in *Commonwealth* v. *Peretz* was that an indictment charging a defendant with a continuing offence during a time, part of which was before the acts charged constituted an offence, must be construed (at least under R. L. c. 218, § 34) to be a charge that the acts charged began from the time when the statute making them an offence went into effect. The doctrine of *Commonwealth* v. *Robinson, ubi supra,* was stated at length in that case at pages 254, 255. The exception to the charge must be sustained and a new trial had on the second complaint.

The only exception argued which has to do with the first complaint is that taken to the following part of the judge's charge to the jury. In his charge to the jury the presiding judge said: "The penalty attaching in a case of this kind is ordinarily not heavy, in one sense of the word. Of course, a person would be reluctant to have a criminal record such as this weigh against him; but those matters should be wholly disregarded. As I have told you before, in imposing sentence, there is a wide discretion left to the court; and the court endeavors, so far as it is able, with justice to the defendant, and with regard to the public weal, to impose a sentence that under all the circumstances of the case is merciful and fair to the government and to the defendant. There are many ways in which a case, even after a verdict, may be disposed of by the court — probation; putting a case on file; putting it on file upon payment of expenses; and also, where that seems to be required, imprisonment, — in this case, for a short period." To this the defendant took an exception. The judge, however, immediately added: "But in regard to the disposition of the case, leave that all aside. That is not something concerning which you have to worry or bear the responsibility; that is upon the court. What you have to decide here is the truth. If, upon the law and the evidence in this case, there should be a verdict of guilty, say so; and if there should be a verdict of not guilty, then say that too; but come into court — whether it be a verdict for the government

or for the defendant — with a verdict, which in your consciences you believe to be a true verdict, a verdict the rendering of which you and all concerned with the case can feel satisfaction with, a verdict after the rendering of which you can look your fellows in the eye, and say, 'According to my conscience, this verdict is a true verdict.'" If the defendant had a right to complain of the part of the charge to which he took an exception his ground of complaint was taken away by what was said by the judge immediately afterwards.

The result is that the exceptions must be overruled so far as the first and sustained so far as the second complaint is concerned.

The appeal taken has not been argued. We treat it as waived. An entry to that effect may be made. Under these circumstances it is not necessary to consider whether the appeal is properly before us.

*Ordered accordingly.*