COMMONWEALTH *vs.* PETER PATALANO.

Middlesex.    November 13, 1925. — November 24, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Intoxicating Liquors. Practice, Criminal,* Conduct of trial: cross-examination, redirect examination; Exceptions. *Witness,* Cross-examination, Redirect examination, Impeachment. *Evidence,* Competency, Materiality.

Where a witness for the Commonwealth at the trial of an indictment has testified in cross-examination that he would not necessarily lie but might misrepresent to get evidence, but that he would not testify falsely under oath, it is not an improper exercise of discretion to exclude further questions in cross-examination seeking whether he had any conscientious scruples against making misrepresentations to obtain evidence and whether he had not testified in another case that he had no such scruples.

An answer, "Yes," to a question asked in redirect examination of a witness for the Commonwealth at the trial of an indictment, "Whether there was any time . . . when you saw the defendant, [do] anything in the place that I neglected to inquire of you yesterday?" could not have been prejudicial to the defendant, and an exception thereto must be overruled.

An exception to the admission of evidence in redirect examination of a witness for the Commonwealth at the trial of an indictment in response to the question quoted above on the ground that the inquiry was not necessarily limited to the period covered by the indictment will not be sustained where it does not appear that such ground of objection was made at the trial and where it appears that the inquiry leading to the evidence naturally referred to the occasions covered by the testimony in chief and this related to the time stated in the specifications.

At the trial of an indictment charging the defendant with exposing and keeping intoxicating liquors for sale with intent to sell them unlawfully during a certain period of three months, an exception to the admission of evidence concerning a raid which occurred four days after the three months' period must be overruled, where it appears that an inference was warranted, from the nature of supplies and equipment seized in the raid, that some of such supplies and equipment were on the premises before the last day of the period and the judge in his charge properly limited the use which the jury might make of this evidence to proving the situation on the premises only during the period covered by the indictment.

Evidence offered to contradict a witness on a collateral matter brought out in cross-examination may properly be excluded in the discretion of the trial judge.

After one connected with a detective agency had testified at the trial of an indictment that he was employed by the district attorney to investigate liquor violations in a certain city and in cross-examination had testified that the agency supplied men and that he received no compensation from the district attorney, it is proper for the judge to exclude the question, "How much do you expect to receive for services?"

At the trial of an indictment, a material issue was the place of residence of the defendant in a city during two certain years. A police officer who had the duty of listing the residents in the city was asked whether by referring to his cards he could tell where the defendant lived in those two years. The defendant objected to the question and the objection was overruled. The witness answered, referring to his card, "What I wrote out here, that is all," and stated an address. In cross-examination he stated that he had no personal knowledge of the residence of the defendant. *Held*, that

(1) If the defendant had desired to insist on his objection, he should have moved to have the answer struck out either when made, as not responsive, or when it appeared in cross-examination that the witness did not know that the defendant lived at the address named;

(2) No error was shown and the exception must be overruled.

Where the defendant, at the trial of an indictment, has testified through an interpreter, it is proper to permit a court interpreter to testify that at a previous time when the defendant was called as a witness in another case he had appeared to have no difficulty in understanding English.

Exceptions at a trial to questions admitted but not answered must be overruled.

INDICTMENT, found and returned on May 8, 1925, charging the defendant in a first count with unlawful sale of intoxicating liquors on March 20, 1925; in a second count and specifications with exposing and keeping for sale intoxicating liquors with intent unlawfully to sell the same at 18 South Street, Somerville, for three months preceding the date of the indictment; and in a third count with maintaining a liquor nuisance.

In the Superior Court, the indictment was tried before *Stone*, J., a judge of a district court sitting in the Superior Court under Sts. 1923, c. 469; 1924, c. 485. Testimony of police officer Cummings was as follows: "Q. Will you tell us where Peter Patalano was living at that time? DEFENDANT'S COUNSEL: I object. THE JUDGE: Allowed. DEFENDANT'S COUNSEL: Exception. Q. Can you tell by referring to the cards the residence of Peter Patalano in those two years? DEFENDANT'S COUNSEL: I object. THE JUDGE: He may answer the question. DEFENDANT'S COUN-

SEL: Allow my exception.  A.  May I refer to this card here? Q.  Yes.  A.  What I wrote out here, that is all.  Q.  What was it?  A.  18 South Street.  Q.  BY DEFENDANT'S COUNSEL: Now, in your own personal knowledge, you don't know, Mr. Cummings, as to whether or not Peter Patalano actually resided at 18 South Street at the time you took the listing in 1923, from your own personal knowledge?  A.  No, I do not."

Other material evidence is described in the opinion.

That portion of the charge to the jury which related to the evidence as to the raid on March 9, 1925, was as follows:

"Now the second count is that he did expose and keep for sale intoxicating liquors with intent unlawfully to sell the same . . . sometime within three months prior to the date of this indictment, at some different times, and for some substantial period of time, he had liquor with the intent to unlawfully sell it.  Upon that you have a right to consider all the evidence that is in the case, including what was found there at the time of the raid, which I understand was on the ninth day of May.  It would not be sufficient, gentlemen, for you to find on the ninth day of May he had liquor there which he attempted to keep and expose for sale.  For instance, — and I am not encroaching on your province at all by this illustration, — if you should find there had been evidence that he started in business on the eighth day of May and had his supplies there ready, — of course there is no such evidence, — and that he was seen taking the stuff in there, that would not justify you in finding him guilty of this complaint because the time here is limited to the time preceding, as I understand it, the fifth day of May; but you have a right to take into consideration what the situation was, as existed on the ninth day of May, in order that you may give it such weight as you think it deserves as bearing upon the question what the situation was on the fifth of May or prior to the fifth day of May.  Note that distinction, gentlemen, because it is an important one."

The defendant was found guilty on the second and third counts of the indictment and alleged exceptions.

*W. R. Scharton,* for the defendant.

*R. T. Bushnell,* Assistant District Attorney, for the Commonwealth.

SANDERSON, J.  The defendant was convicted of keeping and exposing intoxicating liquor for sale and of maintaining a common nuisance.  Specifications filed in the case fixed the place of the alleged offences at 18 South Street, Somerville, and limited the time of their commission to three months before May 8, 1925, the date when the indictment was returned.

The defendant excepted to the exclusion of questions in cross-examination of a witness called by the Commonwealth, asking whether he had any conscientious scruples against making misrepresentations to obtain evidence and whether he had not testified in another case that he had no such scruples.  The witness had previously testified in cross-examination in the case on trial that he would not necessarily lie but might misrepresent to get evidence, but that he would not testify falsely under oath.  It cannot be said that the judge's rulings excluding the questions was an abuse of his discretionary power in the control of cross-examination. *Jennings* v. *Rooney,* 183 Mass. 577, 579.  *Commonwealth* v. *Phelps,* 210 Mass. 109, 114.  *Commonwealth* v. *Russ,* 232 Mass. 58, 78.

After the witness Maguire, called by the Commonwealth, had been examined and cross-examined, the district attorney was permitted to ask "Whether or not there was any time, Mr. Maguire, when you saw the defendant, [do] anything in the place that I neglected to inquire of you yesterday?" His answer, "Yes," could not have been prejudicial to the defendant; and the testimony of the witness thereafter given apparently went in without objection.  But if it be assumed that the exception taken was intended to cover this later testimony, it is without merit.  The trial judge might, in his discretion, allow the district attorney to put in further evidence in redirect examination.  The point now made, that the question was not necessarily limited to the period covered by the indictment, is not well taken.  The ground

of objection was not made at the trial; the inquiry naturally referred to the occasions covered by the testimony in chief and this related to the time stated in the specifications.

The next exception was to the admission of evidence concerning a raid on May 9, 1925, at 18 South Street, when a large quantity of intoxicating liquors with utensils and equipment was seized and the defendant was found on the premises. When the dates of a continuing offence are fixed in the indictment or by specifications, the defendant cannot be convicted unless proven guilty of the crime within the period alleged, and no evidence is to be received unless it tends to prove that offence. *Commonwealth* v. *Purdy,* 146 Mass. 138. *Commonwealth* v. *Ferry,* 146 Mass. 203, 209. *Commonwealth* v. *Runge,* 231 Mass. 598. In such cases evidence of conditions before and after the period within which the crime must be proved is admissible if "confined to a time very near the time in question, or . ... connected with it by evidence showing a continuance of the same condition through the entire intervening period. But in this respect much must be left to the discretion of the presiding judge." *Commonwealth* v. *Finnerty,* 148 Mass. 162, 166. *Commonwealth* v. *Carney,.* 108 Mass. 417. *Commonwealth* v. *Matthews,* 129 Mass. 487. *Commonwealth* v. *Carney,* 152 Mass. 566. There is nothing inconsistent with this principle in *Commonwealth* v. *Runge, supra.* The testimony objected to in the case to be decided was competent as tending to show the defendant's connection with the business and the intent with which the liquors were kept within the specified period. The jury may well have inferred from the nature of the supplies and equipment seized that some of them were on the premises before the last date stated in the specifications. The defendant testified that he had no connection with or control over any business being done at the place where the raid was made; that he did not know the premises were used for illegal purposes; that his wife and brother's wife owned the property and he simply went there to collect the rents. It is clear that the defendant could not be convicted upon evidence showing merely that he committed an offence after the return of the indictment, but the fact that the

testimony tended to prove another and distinct offence is not a valid ground of objection to it if it is otherwise admissible. *Commonwealth* v. *Call*, 21 Pick. 515. *Commonwealth* v. *Tuckerman*, 10 Gray, 173. *Commonwealth* v. *Scott*, 123 Mass. 222. *Commonwealth* v. *Blood*, 141 Mass. 571. *Commonwealth* v. *Feci*, 235 Mass. 562. The judge in his charge properly limited the use which the jury might make of this evidence and the defendant's exception to this part of the charge must be overruled.

The defendant, in the cross-examination of a witness called by the Commonwealth, obtained statements as to the places where the witness had worked and then offered evidence to prove that the witness had not worked at those places. Evidence offered to contradict a witness on a collateral matter brought out in cross-examination may properly be excluded in the discretion of the trial judge.

Joseph J. Wolf, called by the Commonwealth, testified that he was connected with the Wolf Detective Agency and was employed by the district attorney to investigate liquor violations in Somerville. He stated in cross-examination that the agency supplied the men; and that he had received no compensation from the district attorney. The question "How much do you expect to receive for services?" was excluded subject to the exception of the defendant, who stated that he offered the evidence on the question of bias and prejudice and to enable the jury to draw an inference as to the interest which the agency might have in the case. The argument of bias or prejudice was open to the defendant upon the evidence introduced. The amount which the witness expected to receive, even if it be assumed that he had expectations in regard to it, was properly excluded in the discretion of the court.

The defendant objected to the testimony of a police officer, Cummings, who had the listing of residents, including those who lived at 18 South Street in the years 1922 and 1923. He was asked whether by referring to his cards he could tell where Peter Patalano lived in those two years. After referring to the cards the witness answered "18 South Street." In cross-examination he said he did not know of his own per-

sonal knowledge whether or not Peter Patalano actually lived at 18 South Street. If the defendant desired to insist on his objection he should have moved to have the answer struck out either when made, as not responsive, or when it appeared in cross-examination that the witness did not know that the defendant lived at 18 South Street. The defendant has failed to show any error in the rulings concerning this matter.

Another exception relates to the admission in evidence of a bank book of the defendant, offered to contradict his testimony that he collected rent for the premises numbered 18 South Street and deposited it in the bank. But there is nothing in the record to show what the bank book contained or whether the entries therein tended to support or contradict the testimony of the defendant and this exception must be overruled.

A court interpreter was permitted to testify, subject to the defendant's exception, that at a previous time when the defendant was called as a witness in another case he appeared to have no difficulty in understanding English. The evidence was competent if it tended to prove that the witness understood English better than he seemed to understand it at the trial, and this was evidently the purpose for which it was offered. The witness called appeared to be competent to give this testimony.

The exceptions to the questions admitted but not answered must be overruled. *Kershaw* v. *Wright*, 115 Mass. 361, 366. *Cecconi* v. *Rodden*, 147 Mass. 164, 169. The reply of the defendant to the question, whether he had given his residence and was listed as a poll tax payer at 18 South Street, Somerville, was, "I told you I paid a tax." This evidence was competent in cross-examination, and the other questions relating to the same matter remained unanswered.

All exceptions argued have been considered and no reversible error is found.

*Exceptions overruled.*