COMMONWEALTH *vs.* ROBERT F. FUTCH. June 23, 1977. 1. There was no abuse of discretion in the trial judge's denial of the defendant's motion, made after the start of the trial, for a voir dire relative to the procedures by which the victims Georgilas and Huckvale identified the defendant. The defendant had been warned by the motions judge to resolve any question concerning identification procedures before the trial started; furthermore, as the trial judge observed, the ample testimony at the trial concerning the identification procedures employed by the police contained no suggestion that those procedures were in any manner improper or suggestive. See *Commonwealth* v. *Flaherty,* 1 Mass. App. Ct. 282, 289 (1973); *Commonwealth* v. *Dominico,* 1 Mass. App. Ct. 693, 718-719 (1974), and cases cited. The assignments of error based on exceptions to the admission of identification testimony are without merit for the same reasons. 2. It lay within the discretion of the trial judge to permit evidence on redirect examination which the defendant contends went beyond the scope of the matters raised on cross-examination. *Commonwealth* v. *Barnes,* 2 Mass. App. Ct. 357, 362 (1974). 3. We need not pass on the defendant's contention that Georgilas's testimony had been impeached on cross-examination as a recent fabrication, and thus that the Commonwealth could have introduced in evidence any prior consistent statements which Georgilas might have made to Sergeant Marculaitis. See *Commonwealth* v. *Zukoski,* 370 Mass. 23, 27 (1976), and cases cited. The judge's explanation to the jury as to why the Commonwealth could not have introduced Marculaitis's testimony was put on an entirely different basis, and it is inconceivable that the jury could have drawn the inference that the defendant suggests. 4. The portion of the judge's charge which is said to have suggested to the jury the judge's personal belief in the guilt of the defendant does not, read in the context of the entire charge, carry such a meaning.

*Judgments affirmed.*

The case was submitted on briefs.

*Wallace W. Sherwood* for the defendant.

*Philip T. Beauchesne,* Assistant District Attorney, for the Commonwealth.