COMMONWEALTH *vs.* CEDRIC W. SIMS. March 14, 1979. The only two assignments of error which have been argued on appeal are directed solely to the indictment for armed robbery (No. 77-5078). 1. There was no abuse of discretion in the judge's allowing the prosecutor to elicit the fact and circumstances of the robbery in the course of his redirect examination of the victim. He had referred to the robbery in his opening statement; the victim had testified on direct examination that she had told the manager of the motel that she had been "raped and robbed"; and the judge could properly have concluded that the prosecutor's failure to ask specific questions concerning the robbery

in the course of direct examination had resulted from oversight. See *Commonwealth* v. *Patalano*, 254 Mass. 69, 72 (1925); *Commonwealth* v. *Galvin*, 310 Mass. 733, 741-742, 748 (1942); *Commonwealth* v. *Binkiewicz*, 342 Mass. 740, 758 (1961); *Commonwealth* v. *St. Pierre*, 362 Mass. 886, 887 (1972); *Commonwealth* v. *Hoffer*, 375 Mass. 369, 375 (1978); *Commonwealth* v. *Barnes*, 2 Mass. App. Ct. 357, 362 (1974); *Commonwealth* v. *Futch*, 5 Mass. App. Ct. 842 (1977). 2. The defendant was not harmed by the exclusion of the argumentative question to the victim on recross examination as to whether she had mentioned the robbery in the course of her direct examination; the jurors could rely on their own recollections of the victim's earlier testimony, and the defendant was permitted to urge without hindrance during his closing argument that all the testimony concerning the robbery had "come[ ] in like an afterthought."

*Judgment affirmed.*

The case was submitted on briefs.
*Fern L. Nesson* for the defendant.
*William L. Pardee*, Assistant District Attorney, for the Commonwealth.