COMMONWEALTH *vs.* JAMES MEGNA.

No. 02-P-84.

Norfolk. April 14, 2003. - October 6, 2003.

Present: LAURENCE, McHUGH, & COHEN, JJ.

*Extortion. Practice, Criminal,* Indictment, Variance.

On a postappeal motion for postconviction relief following the trial of an
  indictment charging the defendant with extortion, the defendant failed to
  demonstrate that he suffered prejudice from a variance between the indict-
  ment and the evidence at trial that was not material. [513-516]

INDICTMENTS found and returned in the Superior Court Depart-
ment on June 20, 1991.

The cases were tried before *Andrew G. Meyer,* J., and a mo-
tion for postconviction relief, filed on February 27, 2001, was
heard by *Suzanne V. DelVecchio,* J.

*Max D. Stern* for the defendant.

*James A. Reidy,* Assistant District Attorney, for the
Commonwealth.

COHEN, J. On appeal from the denial of his second postappeal
motion for postconviction relief, the defendant argues that he is
entitled to a judgment of acquittal on an indictment charging
him with extortion in 1991, because the only evidence of extor-
tion at trial related to acts in 1990.[1] For the reasons that follow,
we affirm the order of the Superior Court denying the motion.

1. *Background.* We recite the relevant facts. In October, 1992,
the defendant was tried on multiple indictments charging extor-

---

[1]The defendant also argues that, notwithstanding the procedural posture of
the case, this issue should not be considered waived, because prior counsel
was per se ineffective in not asserting a valid acquittal defense, and because
an earlier pro se motion for a new trial did not operate to bar his present
claim. In light of the view we take of the substantive issue, we do not address
the question of waiver.

tion and larceny. The extortion indictments were keyed to three different alleged victims: Daniel Leahy, Patrick Fitch, and Carmine Carlucci. The time periods specified in the extortion indictments overlapped, covering the period from January, 1988, to May, 1991.[2]

The indictment at issue, number 91907, recited that the defendant "between on or about January, 1991 to on or about March, 1991 . . . did by verbal communication maliciously threaten an injury to the person, family, or property of Patrick Fitch, with intent thereby to extort money or any pecuniary advantage, or with intent to compel Patrick Fitch to do any act against his will." Although there was evidence at trial upon which a jury could find that the defendant extorted over $400,000 from Fitch, that evidence pertained to threats made in November, 1990.

At the conclusion of the trial, the judge instructed the jury, without objection from the defendant, that the time frame for all of the extortion indictments was January, 1988, to April, 1991. The jury found the defendant guilty on indictment 91907, but not guilty on the two other extortion indictments.[3]

Represented by new counsel, the defendant filed a notice of appeal in November, 1992. In that appeal, the defendant challenged the denial of his motion for a required finding of not guilty, claiming that the Commonwealth failed to sustain its burden of proof that the crime of extortion was committed in Massachusetts and that the judge erred by failing to expand upon the meaning of "maliciously" in the jury instructions. We affirmed the defendant's convictions in an unpublished memorandum and order. *Commonwealth* v. *Megna*, 40 Mass. App. Ct. 1120 (1996).

In February, 1999, the defendant, acting pro se, filed his first postappeal motion for a new trial, claiming judicial misconduct and ineffective assistance of trial and appellate counsel. That motion was denied without a hearing, as no substantial issue

---

[2]Indictment 91905 covered the period January, 1988, to April, 1991; indictment 91907 covered the period January, 1991, to March, 1991; and indictment 91908, as amended, covered the period January, 1991, to May, 1991.

[3]The jury also found the defendant guilty on two indictments charging larceny.

was raised for further review. In February, 2001, represented by new appellate counsel, the defendant filed his second motion for postconviction relief, which later was amended. The defendant's amended motion raised several issues, including the two currently before us. From the court's denial of his motion for a new trial, the defendant brings the present appeal.

2. *Discussion.* Passing the question of waiver, see note 1, *supra*, we consider and reject the defendant's substantive position that there was a material variance between the indictment and the evidence at trial.[4] Because the variance was not material, and because the defendant has demonstrated no prejudice, he is not entitled to relief.

The defendant's essential premise is that he was charged with a "continuing offense," and that being the case, the dates alleged in the indictment were material and could not be varied by the proof at trial. However, the essential premise is flawed: the indictment did not, in fact, charge him with a continuing offense as that term is properly understood.

Merely because an indictment alleges that the defendant's criminal activity took place within a period between two dates does not mean that the crime charged is a continuing offense. A continuing offense is an indivisible, unlawful general practice that exists throughout the time span alleged. *Commonwealth* v. *Stasiun*, 349 Mass. 38, 44-45 (1965). See *Wells* v. *Commonwealth*, 12 Gray 326, 327-328 (1859) (keeping a house of ill fame); *Commonwealth* v. *Peretz*, 212 Mass. 253, 254 (1912) (deriving support from the earnings of a prostitute); *Commonwealth* v. *Runge*, 231 Mass. 598, 600 (1919) (practicing medicine unlawfully). See also *Commonwealth* v. *Ciesla*, 380 Mass. 346, 347-349 & n.2 (1980) (aiding in the concealment of stolen property). When such an offense is charged, the time period specified in the indictment is an integral part of the crime, and evidence of acts committed outside this period is generally not admissible to prove the crime. See *Commonwealth* v. *Stasiun*, *supra* at 46-47. See also *Commonwealth* v. *Patalano*, 254 Mass. 69, 73 (1925).

---

[4]We approach the case somewhat differently from the motion judge, who focused upon waiver and what she perceived to be the valid constructive amendment of the indictment by virtue of the judge's instructions.

The purpose of this rule is to ensure that a defendant charged with an indivisible, ongoing crime will be afforded protection against double jeopardy. Since time is an essential element of a continuing offense, the defendant can never again be punished for engaging in the same criminal practice during the time period described in the indictment. See *Commonwealth* v. *Runge, supra* at 598, 600. See also *Commonwealth* v. *Robinson,* 126 Mass. 259, 262-263 (1879); *Commonwealth* v. *Winter,* 9 Mass. App. Ct. 512, 527-528 (1980).

Aside from connoting a true continuing offense, however, an indictment charging criminal conduct between two dates may also signify something else — that is, that the defendant has committed a discrete crime, but with a continuing criminal impulse or intent or in the pursuit of a general scheme. In such a case, time is not of the essence, and evidence outside the period of the indictment may be admitted to prove the crime charged. See *Commonwealth* v. *Stasiun, supra* at 47.

An example of this type of case is the bribery prosecution of defendant Manning in *Commonwealth* v. *Stasiun, supra* at 46-47. In addition to being charged as a conspirator, Manning was charged as a principal with respect to wrongful conduct (solicitation of a bribe) that was shown to have occurred outside the indictment period. *Id.* at 46. Because the crime charged could be distilled to a single wrong, its precise date was not "essential." *Id.* at 47. Manning's conviction as a principal therefore was upheld notwithstanding the variance. *Ibid.*

In the case at bar, as in Manning's case, the defendant was not charged with a continuing offense; he was charged with a discrete crime of extortion directed at Patrick Fitch. The indictment does not state or imply that the defendant was charged with a general practice. See *Commonwealth* v. *Lovett,* 374 Mass. 394, 399 (1978) (citing *Commonwealth* v. *McClaine,* 367 Mass. 559, 560 [1975], for the proposition that the text of the allegation determines the nature of the complaint). As the defendant was not charged with a continuing offense, time was not an essential element, and evidence of the defendant's acts in November, 1990, was admissible to prove the crime charged.

The ultimate consequence was that although there was a variance between the proof and the indictment, the variance was not

material. See G. L. c. 277, § 20 ("The time and place of the commission of the crime need not be alleged [in the indictment] unless it is an essential element thereof"); *Commonwealth* v. *Campiti*, 41 Mass. App. Ct. 43, 50 (1996). Accordingly, the time discrepancy may be a ground for acquittal only if the defendant was prejudiced. See G. L. c. 277, § 35 ("A defendant shall not be acquitted on the ground of variance between the allegations and proof if the essential elements of the crime are correctly stated, unless he is thereby prejudiced in his defence"); *Commonwealth* v. *Clarke*, 48 Mass. App. Ct. 482, 489 (2000).

The defendant does not and cannot make a case for prejudice. The indictment informed him that he was being charged with a single, identifiable wrong — extortion directed against Patrick Fitch. Any question about the timing of the events which formed the basis of the charge was dispelled before trial. The record reveals that the defendant requested a bill of particulars, and, shortly before trial, the Commonwealth provided details of the alleged acts that ultimately formed the basis of his conviction.[5] See *Commonwealth* v. *Hayes*, 311 Mass. 21, 25-26 (1942) (an indictment, when read with a bill of particulars, is sufficient if it fully, plainly, substantially, and formally gives the defendant reasonable knowledge of the crime with which he is charged).

Any claim of prejudice is also undercut by the absence of protest from the defendant at trial. The defendant did not object to the admission of the 1990 evidence at trial, or to the trial judge's instructions pertaining to the date of the offense. See *Commonwealth* v. *Kope*, 30 Mass. App. Ct. 944, 945 (1991) (variance as to the date did not require reversal when there was no objection to testimony on the ground that the relevant events had occurred on days other than the date mentioned in the indictment, and nothing in the record suggested that the defendant relied to his detriment upon the misleading date); *Commonwealth* v. *Whitehead*, 379 Mass. 640, 646-649 (1980) (no material variance where the defendants were put on notice of the issue through the tender of pretrial statements, the

---

[5]We have obtained from the Superior Court a copy of the Commonwealth's response, which indicated that from June to December, 1990, Fitch periodically gave the defendant large sums of money and that during this time period the defendant threatened bodily harm to Fitch and his family.

prosecutor's opening statement, and proof to which the defendants did not object). Finally, the defendant did not move at the close of the Commonwealth's case for an acquittal based on the variance between the time period specified in the indictment and the evidence presented at trial.[6] See generally Smith, Criminal Practice & Procedure, § 734 (2d ed. 1983).

*Conclusion.* There was no showing of prejudice from a nonmaterial variance. Accordingly, the order denying the defendant's motion for postconviction relief is affirmed.

*So ordered.*

---

[6]Although the defendant moved for a required finding of not guilty on the instant indictment, that motion was based upon a variance in location, not time. The defendant also moved for a required finding of not guilty at the close of all the evidence, which was subject to a motion to reconsider. Again the defendant challenged the instant indictment based on a variance in location.