## COMMONWEALTH vs. ARTHUR R. IACOVELLI.

Suffolk. January 14, 1980. — May 9, 1980.

Present: BROWN, GREANEY, & DREBEN, JJ.

*Pleading, Criminal,* Indictment, Complaint, Bill of particulars. *Practice, Criminal,* Directed verdict, Venue. *Evidence,* Bribe. *Bribery.*

At the trial of an indictment charging the defendant with violating G. L. c. 268A, § 2(*b*), the judge did not abuse his discretion in permitting the Commonwealth to amend its bill of particulars to change both the date and place of the offense where there was no change in the substantive offense charged and the defendant was not prejudiced. [696-697]

The judge at a criminal trial did not err in denying the defendant's motion for a directed verdict based on a variance between the date in the indictment and the proof at trial where the variance was immaterial. [697-698]

At the trial of an indictment charging the defendant with violating G. L. c. 268A, § 2(*b*), the judge did not err in denying the defendant's motion to strike an amended bill of particulars on the ground that it was too vague. [698]

At the trial of an indictment charging the defendant with violating G. L. c. 268A, § 2(*b*), relevant conversations between the defendant and a witness which had occurred prior to the date specified in the bill of particulars were admissible. [698]

There was jurisdiction in Suffolk County to prosecute under G. L. c. 268A, § 2(*b*), a State employee having his office in Boston even though the jury could have found that the defendant had "received" the bribe in Barnstable County. [698-699]

INDICTMENT found and returned in the Superior Court Department on October 25, 1978.

The case was tried before *Sullivan,* J.

*George G. Burke* for the defendant.

*Steven A. Rusconi,* Assistant Attorney General, for the Commonwealth.

DREBEN, J. The defendant appeals from a conviction under an indictment[1] charging him with violating G. L. c. 268A, § 2(b), on or about August 4, 1973. He alleges error by the trial judge in a number of respects, including the allowance at trial of an amendment to the bill of particulars which permitted the Commonwealth to introduce evidence of solicitations prior to August 4, 1973, and the denial of his motion for a directed verdict. He also claims a lack of jurisdiction and venue in Suffolk County because the jury could have found that the crime occurred in Barnstable County. We affirm the conviction.

Our consideration of the issues requires a review of the facts as they could have been found by the jury and of the relevant procedural events. The defendant, an employee of the bureau of engineering and construction of the Department of Public Health of the Commonwealth (bureau), was responsible for the reviewing and approval of construction plans for nursing homes. The chief prosecution witness, one Edward Cunningham, on behalf of a corporation owned by him, applied to the bureau in January, 1973, for an increase in the number of permitted beds in a home for retarded children, a change which required approval. Cunningham had several conversations both in person and by telephone with the defendant between January and May, 1973, concerning the status of his application and plans. He was told that he was not the only nursing home owner, and that he would get an answer in due time. In the early part of June, 1973, Cunningham, while in his office in Boston, received a telephone call from the defendant. The gist of the call was that the defendant wanted to take a vacation at Dennis in August, that he wanted Cunningham to pay

---

[1] The indictment followed the statute and reads in part as follows: "Arthur R. Iacovelli of Milford, County of Worcester, on or about August 4, 1973, being a state employee of the Commonwealth of Massachusetts at Boston in the county of Suffolk, directly and indirectly, did corruptly ask, demand, exact, solicit, seek, accept, receive, and agree to receive something of value for himself in return for being influenced in his performance of an official act and an act within his official responsibility."

$900, the rental for a cottage, and that if Cunningham would do so, the plans for additional beds, which were sitting on the defendant's desk (in Boston) would be approved. In order to obtain approval, Cunningham paid the rental. He received a lease for a house in Dennis, and paid a $200 deposit by a check dated June 13, 1973. On June 13, 1973, the plans were approved by the defendant. In August of 1973, the defendant stayed with his family at the cottage in Dennis paid for by Cunningham.

The trial began on January 16, 1979. Prior thereto, the Commonwealth had filed a bill of particulars dated December 1, 1978, which gave August 4, 1973, as the date and listed the defendant's office in Boston as the place of the offense. At trial, when the Commonwealth attempted to introduce evidence of conversations between the defendant and Cunningham prior to August 4, 1973, the defendant objected on the ground that the Commonwealth was seeking to introduce evidence at variance with the bill of particulars. The Commonwealth moved to amend the bill to substitute for the date of August 4, 1973, divers times between June 1 and September 1, 1973, and to change the place of the offense to include both Cunningham's place of business, and Dennis, Massachusetts. The trial judge, after holding a hearing in which he reviewed the grand jury minutes previously given to the defendant, concluded that no prejudice could result to the defendant by the allowance of the amendment. He also gave the defendant the opportunity to continue the case for a week and suggested that if the defendant wished, he, the judge, would consider a motion for a mistrial. After a weekend recess, the trial judge allowed the Commonwealth's motion to amend. The defendant declined the opportunity to continue the case for a week and did not seek a mistrial.

1. The defendant claims that the judge erred in allowing the amendment. We disagree. The statutory provisions governing this proceeding are G. L. c. 277, § 35, and §§ 35A and 40, the latter two sections as in effect prior to their repeal by St. 1979, c. 344, §§ 35 and 37, respectively

(see now Mass.R.Crim.P. 4[d] and 13[b][2], 378 Mass. 872 [effective July 1, 1979]). Those provisions permitted the amendment of an indictment or a bill of particulars provided that there was no change in the substantive offense charged and the defendant was not prejudiced. It has been held that an amendment as to a date in an indictment was permissible with respect to a charge pursuant to G. L. c. 268A, § 2(*b*), the statute applicable to the case at bar. *Commonwealth* v. *Gallo*, 2 Mass. App. Ct. 636, 639-640 (1974) (changing the date of offense by eight months). An amendment changing the date of a larceny charged in an indictment was held not to be one of substance and was allowed on the day of trial in *Commonwealth* v. *Jervis*, 368 Mass. 638, 643-645 (1975).

The discretion of the judge with respect to amendments under G. L. c. 277, § 40, relating to bills of particulars was at least as great as his power under § 35A with respect to indictments. Amendments to bills of particulars are permissible at any stage of the proceedings and have been allowed as late as after final argument. *Commonwealth* v. *Lussier*, 333 Mass. 83, 91-92 (1955). Here, the judge, after reading the grand jury minutes which had been supplied to the defendant, found that there would be no prejudice. Cunningham had testified to the grand jury that he had conversed with the defendant with respect to a cottage rental at Dennis and that the first payment he had made was on June 13, 1973. Clearly, the judge was correct in concluding that the defendant, in light of the grand jury minutes, should not have thought the Commonwealth was limited to events of August 4. Similarly, the change in place added no surprise. The judge offered the defendant a continuance to investigate matters further which he declined. The defendant was entitled to no more, see G. L. c. 277, § 40, and there was no error in allowing the motion to amend.

2. There was also no error in denying the defendant's successively repeated motion for a directed verdict based upon a variance between the date in the indictment and the proof at trial. The variance was immaterial. G. L. c. 277,

§ 35. See *United States* v. *Cerrito,* 612 F.2d 588, 590 (1st Cir. 1979).

3. The judge did not err in denying the defendant's motion to strike the amended bill on the ground that it was too vague. (We treat that motion, as did the judge, as a motion for further particulars.) The charge was fully set out and, therefore, "[t]he extent to which the Commonwealth may be required to specify as to matters of detail rests in the sound judicial discretion of the judge." *Commonwealth* v. *Hayes,* 311 Mass. 21, 25 (1942). *Commonwealth* v. *Baker,* 368 Mass. 58, 75-76 (1975). There was no abuse of discretion, and we concur in the judge's conclusion that the nature of the crime of bribery is such that often "the solicitation is communicated to the briber subtly over a period of time" which makes it more difficult to respond to a bill of particulars for this crime.

4. The conversations of Cunningham which had occurred prior to June 1, 1973, the date specified in the amended bill of particulars, were admissible. Precise time is not essential, and, in any event, unless too remote, prior relevant conversations may be admitted. *Commonwealth* v. *Stasiun,* 349 Mass. 38, 47 (1965). *Commonwealth* v. *Borans,* 379 Mass. 117, 146-148 (1979).

5. The defendant argues that the indictment was brought in Suffolk County and that the jury could have found on the evidence and the charge that the crime occurred in Barnstable County where the defendant "accepted" the rental of the cottage. He also claims the Commonwealth failed to seek leave to proceed under G. L. c. 277, § 57A.[2] The short

---

[2] General Laws c. 277, § 57A, provides: "A defendant shall not be discharged for want of jurisdiction if the evidence discloses that the crime with which he is charged was actually committed without the county or the territorial jurisdiction of the court in which he is being tried; provided, that the attorney general or the district attorney petitions to the court before proceeding with the trial for leave to proceed, stating that he is in doubt from the state of the evidence then in his possession as to whether or not the crime was committed within the county or the territorial jurisdiction of the court, and the court after hearing said petition orders the trial to proceed."

answer to the defendant's rather imprecise arguments on jurisdiction and venue is that they are precluded by the reasoning of *Commonwealth* v. *Welch*, 345 Mass. 366, 370-371 (1963). The occupancy of the cottage was but one step in the commission of the offense (see *Commonwealth* v. *Mannos*, 311 Mass. 94, 104 [1942]; *Commonwealth* v. *Stasiun*, 349 Mass. at 45 and 47) which had sufficient contacts with Suffolk County, including the solicitation of the bribe in Boston, for jurisdiction and venue to be laid there. *Commonwealth* v. *Stasiun* at 54. See also *Commonwealth* v. *White*, 123 Mass. 430, 433 (1877), and cases cited.

The other contentions of the defendant are without merit.

*Judgment affirmed.*