COMMONWEALTH *vs*. MICHAEL W. KOPE. No. 90-P-39. May 1, 1991. *Practice, Criminal*, Indictment, Variance, Disqualification of judge, Conduct of prosecutor, Assistance of counsel. *Receiving Stolen Goods. Controlled Substances.*

Following the defendant Kope's convictions by a jury of distributing cocaine and receiving stolen property, a judge of the Superior Court imposed sentence of six to ten years at M.C.I., Cedar Junction.[1] Kope's appeal claims reversible error based on the following: (1) the cocaine distribution indictment contained a misleading date; (2) the trial judge should have recused himself; (3) the prosecution introduced false testimony; (4) defense counsel gave ineffective assistance; and (5) the defendant's motion for a required finding of not guilty should have been granted. We affirm.

*Facts.* These, in summary, are the facts the jury could have found. Acting under a search warrant, police officers of the town of Southwick searched Kope's house and found in his bedroom cocaine residue on a razor blade, a small mirror, and notebooks listing names, dates and amounts of money. A search of the basement turned up lawn equipment, including a lawn tractor, a leaf blower, a weed whacker, a snowblower, and rotary lawn mowers. Those items had been reported stolen and their owner later identified them for the police.

The young man who had stolen the lawn equipment exchanged it with Kope for "about four" grams of cocaine. That occurred in February, 1987, during the same month that young thieves delivered television sets, jewelry, and coins to Kope as payment for cocaine. In March, local youths stole video cassette recorders in a series of house breaks and swapped them

---

[1] The operative sentence was for distribution. There was a lesser sentence of four and one-half to five years (to be served concurrently) on the conviction of receiving stolen property.

with Kope for cocaine. The unit of barter was one VCR for one gram of cocaine.

1. *Defective indictment.* The indictment for distributing cocaine recited that the crime occurred on March 19, 1987. None of the evidence at trial pointed to a drug exchange on March 19, 1987. That evidence implicated Kope in trading drugs for stolen goods at other times in February and March. March 19, 1987, the date specified in the indictment, was the date on which the Southwick police executed their search warrant. Defendants, however, are not to be acquitted on the ground of a variance between the allegations of an indictment and the ultimate proof if the essential elements of the crime are correctly stated. G. L. c. 277, § 35. Unless the defendant is prejudiced in his or her defense by the error in the complaining document, the variance is regarded as immaterial. *Commonwealth* v. *Manooshian,* 326 Mass. 514, 516 (1950). *Commonwealth* v. *Smith,* 368 Mass. 126, 129 (1975). See *Commonwealth* v. *Iacovelli,* 9 Mass. App. Ct. 694, 697 (1980). Review of the transcript of the trial does not disclose that the defense was in any way misled or surprised by the prosecution's case. There was no objection to testimony concerning drug transactions between the defendant and various witnesses on the ground that those events had occurred on days other than the date mentioned in the indictment. Similarly, nothing in the record suggests that the defendant relied to his detriment upon the March 19th date. See *Commonwealth* v. *Gallo,* 2 Mass. App. Ct. 636, 639-640 (1974); *Commonwealth* v. *Iacovelli, supra* at 696-697.

2. *Judge's failure to recuse himself.* Before trial began there was an attempt at a plea bargain. The Superior Court judge carefully explained to the defendant his rights to a trial by jury, the right to confront witnesses, the burdens on the Commonwealth, and so forth. He also asked the prosecutor to elaborate the facts which the Commonwealth proposed to prove. Upon conclusion of the prosecutor's recitation, the judge said, "I don't think I'm inclined to go along with this recommendation. If this man is guilty of these charges, I don't think he ought to go on probation. I think he ought to go to prison. He's entitled to a trial." On what turned out to be the first day of trial, the prosecutor began the proceeding by reporting that the defendant "indicates today that he'd like to change his plea." The judge responded: "Well, I heard the plea recommendation the other day. I also heard what the charge is in this case and I'm not about to put this man on the street with those charges. If he's not guilty of them, that's something else, but if he's guilty of the charges [against him] I do not think that a probationary term is in any way appropriate and I would not go along with that." Defense counsel indicated that, "We're inclined to proceed jury waived." The judge indicated that he was prepared to proceed but inquired whether the defendant had considered that the judge had heard "some of the matters on the plea the other day." Defense counsel responded, somewhat tentatively, "I would suggest, respectfully sug-

gest, that in the interests of justice that perhaps it would be better heard before a different justice." The judge announced that he would proceed with a jury trial. There was no motion for recusal as such.

Recusal, it is well understood, rests with the sound discretion of the judge. *Commonwealth* v. *Gogan*, 389 Mass. 255, 258-259 (1983). *Fogarty* v. *Commonwealth*, 406 Mass. 103, 111 (1989). *Commonwealth* v. *Williams*, 8 Mass. App. Ct. 283, 289 (1979). During the required colloquy between the judge and the defendant about the proffered plea (see generally Smith, Criminal Practice and Procedure §§ 1237-1238 [2d ed. 1983]), the defendant denied knowing the items of personal property he had taken in trade were stolen. Refusal of the guilty plea in this case was based partly on the defendant's denial of an element of one of the crimes with which he was charged and on an expression by the judge of his opinion that if the defendant were, indeed, guilty, the punishment recommended was not commensurate with the crime. Specifically, the judge could reasonably think that, before a punishment commensurate with the crime were imposed, the government should be put to the burden of proving its case in a fair trial. The judge expressed no view about the guilt or innocence of the defendant prior to trial. To that degree, the judge's immersion in the merits may have been less than would have been the case had the judge been asked to act on pretrial motions, such as motions to suppress evidence. In the latter circumstances, we have held that a judge acted within the bounds of discretion in declining to "disqualify himself from presiding at the defendant's jury trial." *Commonwealth* v. *Williams*, *supra* at 289. It follows that recusal is not required in cases of lesser involvement. As to the judge's declining to accept the defendant's waiver of a trial by jury, that was plainly within his authority. See G. L. c. 263, § 6; Mass.R.Crim.P. 19(a), 378 Mass. 888 (1979); *Commonwealth* v. *Collins*, 11 Mass. App. Ct. 126, 141 (1981). The judge's conduct of the jury trial, it should be added, was entirely fair to the defendant.

3. *False testimony.* Little need be said about the complaint made on appeal that the Commonwealth knowingly introduced false testimony. The argument is based on an assumption, injected on appeal, that the government knew the defendant was in California from March 10 through March 18, 1987. The conclusion that defendant's appellate counsel draws from this assumption is that the testimony of witnesses who claimed to have exchanged stolen property for cocaine on March 10, 1987, and March 13, 1987, testified falsely and that the government knew it. We have examined the record and it does not support the assumption. Kope introduced no evidence at trial that he was not in Southwick on March 10th through 18th. As to the testimony of the youths in question, their recollection of dates was imprecise. It would be an altogether unwarranted leap to conclude that those witnesses had perjured themselves.

4. *Ineffective assistance of counsel.* From a blunderbuss attack upon the conduct of the defense by the defendant's trial counsel, two identifiable

points emerge. The first is that counsel should, after the defendant's plea was rejected, have pressed for a continuance so as to prepare more fully. The case had come up for trial in the normal course, and defense counsel's appearance had been on the docket for fifteen months. There is little reason to suppose that a continuance would have been granted. Appellate counsel's ruminations about preparation that might have been done are speculative. The second point is that alibi evidence should have been presented. That argument rests entirely on representations of appellate counsel and those representations fall far short of establishing the defendant's absence on each of the many occasions testified to concerning the trade of cocaine for stolen goods. This is an instance of a "lawyer who refights a campaign on the written record find[ing] ways to fight it better." *Commonwealth* v. *McGann*, 20 Mass. App. Ct. 59, 61 (1985). Whatever trial counsel's imperfections may have been, there has been no showing that, in consequence, the defendant lost an otherwise available and substantial ground of defense. See *Commonwealth* v. *Florentino*, 396 Mass. 689, 690 (1986); *Commonwealth* v. *Hamm*, 19 Mass. App. Ct. 72, 76 (1984).

5. *Required findings of not guilty.* So far from being marginal, the evidence against the defendant was damning. Stolen property was found in his house and identified by the owner. Three witnesses testified to delivering stolen property in exchange for cocaine at Kope's residence and, at least in some of those instances, dealing directly with Kope. There was really nothing to the defendant's motion for a required finding of not guilty.

*Judgment affirmed.*

*Kenneth Lieberman* for the defendant.

*Elizabeth D. Farris*, Assistant District Attorney, for the Commonwealth.