Doerfer, J.
INTRODUCTION
Defendant Keith Nurse was indicted on January 21, 1997 on one count of aggravated rape in violation of G.L.c. 265, §22(a) and one count of assault and battery in violation of G.L.c. 265, § 13A.[1] On October 29, 1997, following a two-day trial, a jury found the defendant guilty of the lesser included offense of rape on indictment #98932 and guilty of assault and battery on indictment #98934. The defendant now moves this Court for a new trial pursuant to Mass.R.Crim.P. 30(b). For the reasons discussed below, the defendant’s motion for a new trial is DENIED.
BACKGROUND
The defendant seeks a new trial on the ground that he was prejudiced by the commonwealth’s failure to inform him that the complainant’s testimony concerning the date of the alleged rape would differ from the indictments and discovery provided. The defendant contends that he relied on the indictments and pretrial discovery in formulating his defense and was sandbagged at trial when the complainant’s testimony revealed equivocation as to the date of the alleged rape.
Indictment #98922 alleged that the defendant “on or about September 1992 ... did assault Paula Knight with intent to commit aggravated rape upon her, and did commit aggravated rape upon said Paula Knight.” Similarly, indictment #98934 alleged that the defendant “on or about September 1992 ... did assault and beat Paula Knight." (Emphasis added.) The pretrial conference report, filed on March 3, 1997, contained a line for the commonwealth to state the “date, time and place” of the alleged crime. Assistant District Attorney John Bradley (ADA Bradley) wrote “as specified in police report and Grand Jury minutes.”
The discovery provided by the commonwealth consisted of a three-page police report by State Trooper Wendy A. Wakefield dated December 10, 1996, a one-page police report by State Trooper Joseph V. Mason, Jr. dated December 9, 1996, and a transcript of the testimony heard by the Grand Jury on January 21, 1997. Trooper Wakefield’s report, which is written in narrative form, states in relevant part:
Paula stated that approximately one year ago she read, in the Brockton Enterprise, about some rape cases that had occurred in Brockton. As she read the articles and the details of these rapes, she realized that they were extremely similar to an incident where she had been assaulted and raped in September of 1992 . . .
Paula stated that one evening during September of 1992, she was walking home to her apartment on Montello St.
*659 Paula related that it was raining very hard. She thought it was a Sunday night at approximately 6 or 7 PM . . .
At the conclusion of the interview, Paula was shown a photo array containing eight photographs . . . After looking at the photographs for approximately 20 seconds, she pointed at photograph #5 and stated that she was “pretty positive” that the individual depicted in that photo with a little longer hair and a mustache was the assailant who raped her on that September evening in 1992. (Emphasis added.)
Trooper Mason’s report, also in narrative form, stated in relevant part:
On December 6, 1996 at approximately 1400 hours this officer and Tpr. Wendy Wakefield, interviewed a Peter J. Baldassari. . . He states that he recalled one rainy day several years ago when they were living together and Paula came home very upset. He could, not recall an approximate date. He did recall that it was raining, because her clothes were all wet. At that time she told him that she had been picked up by a black man who had driven her behind the Purity Supreme Supermarket, strangled her and sexually assaulted her. (Emphasis added.)
The Grand Jury transcript contains the testimony of complainant Paula Knight. With respect to the date of the alleged rape, ADA Bradley stated, “Ms. Knight, I’m going to direct your attention back to a late Sunday afternoon, early Sunday evening, back in September of 1992. Do you recall the particular day I’m talking about?” She responded, “Yeah." ADA Bradley then asked her, “Do you recall what the weather was like that late afternoon, early evening?” The complainant responded, “It was pouring.” At a later point in her testimony, in describing the events preceding the rape, the complainant stated that a black man in a small red car drove up beside her while she was walking home: “He said, ‘Come, on. Get in, You’re soaked.’ I was soaked.”
Based on this discovery, defense counsel investigated the weather for all Sundays in the month of September 1992. He obtained records from the Brockton Wastewater Treatment Plant, a certified weather station, which showed that it never rained on a Sunday in September of 1992. On or about August 5, 1997, defense counsel gave a copy of those records to ADA Bradley and notified the commonwealth that he intended to call a witness at trial to present that information to the jury.
The trial began on October 27, 1997. In his opening statement, defense counsel asserted that the defendant would prove that it did not rain on any Sunday in September of 1992 and argued that the complainant’s claim of rape was only as reliable as her memory of the weather. The complainant was the first witness at trial. Approximately the tenth question posed to her by ADA Bradley began with the phrase, “Calling your attention to the fall of 1992.” The complainant’s eventual testimony was that she was certain that it had been raining on the day she was raped, that she thought it was a Sunday, and that it could have been September or October of 1992. The third witness at trial was the complainant’s former boyfriend, Peter Baldassari, who was called as a fresh complaint witness. When asked during what time period he lived with the complainant, he responded, apparently thinking out loud, “1990, 1991, 1992 . . . 1991.”
The defendant now contends that if he had known that the complainant was going to testify that the alleged rape might have occurred in October of 1992 rather than in September, he would have investigated the weather reports for October 1992 as well as those for September and October of 1991. These reports show that in September 1991, October 1991, September 1992 and October 1992 there were a total of 17 Sundays; that it rained on only four of those Sundays; and that the only Sunday with significant rain, .78 inches as compared to. 13, .20 and .28 inches, was on October 6, 1991. The defendant thus would have shown “that on no Sunday could the complaining witness be walking home in the evening in a ‘downpour’ therefore casting doubt on her alleged innocent acceptance of a ride from a stranger.”
DISCUSSION
Massachusetts Rule of Criminal Procedure 30(b) states “[t]he trial judge upon motion in writing may grant a new trial at any time if it appears that justice may not have been done. Upon the motion the trial judge shall make such findings of fact as are necessary to resolve the defendant’s allegations of error of law.” Mass.R.Crim.P. 30(b). In deciding whether to grant a motion for a new trial, the question of whether justice may not have been done at trial is left largely to the discretion of the judge who presided over the case. Commonwealth v. Ellison, 376 Mass. 1, 16 (1978); Commonwealth v. Pope, 392 Mass. 493, 497 (1984).
I. Failure to Disclose Change in Complainant’s Testimony
The defendant contends that ADA Bradley failed to inform him of the change in the complainant’s testimony concerning the date of the rape in violation of Mass. R. Crim. P. 14(a)(4) and that this unfairly surprised and prejudiced him in his defense. Massachusetts Rule of Criminal Procedure 14(a)(4) provides:
If either party subsequently learns of additional material which he would have been under a duty to disclose or produce pursuant to any provisions of this rule at the time of a previous discoveiy order, he shall promptly notify the other party of his acquisition of such additional material and shall disclose the material in the same manner as re *660 quired for initial discovery under this rule. Mass.R.Crim.P. 14(a)(4).
Pretrial discovery of witnesses’ statements and the continuing duty of disclosure are intended to minimize surprise and allow the opposing party to prepare for the exigencies of trial. Commonwealth v. Gilbert, 377 Mass. 887, 893 (1979). Neither the prosecution nor the defense should subvert these purposes by leaving in the hands of the adversary, without due notice or amendment, a document known to be in effect largely superseded and thus furnishing a poor lead to the substance of the testimony that will be elicited from the witness at trial. Id. In accordance with these principles, the prosecutor has a continuing duty to promptly disclose to defense counsel any change of substance in the statements of prospective witnesses of which he becomes aware. Id.; Commonwealth v. Borans, 379 Mass. 117, 153 (1979).
This continuing duty of disclosure does not obligate the prosecutor to report to opposing counsel mere shifts of detail on the part of a prospective witness, or minor variations between written reports and trial testimony that are typical to litigation. Commonwealth v. Gilbert, supra at 894; Commonwealth v. Baldwin, 385 Mass. 165, 173 (1982). However, changes of substance which in themselves are damaging to the defense, which go to the heart of the defendant’s case, or which constitute significant discrepancies between the expected testimony of a key witness and her actual testimony must be disclosed when they come to the commonwealth’s attention. Commonwealth v. Gilbert, supra at 894; Commonwealth v. Baldwin, supra at 177; Commonwealth v. Vaughn, 32 Mass.App.Ct. 435, 439, rev. den., 413 Mass. 1104 (1992).
Thus, for example, where a key witness stated in a police report that he had reported his gun missing one month after the defendant visited his home, some three months before the victim was shot, but testified at trial that he did not report his gun as missing until nine months after the defendant’s visit, which was three months after the victim was shot, this discrepancy was significant and should have been disclosed because the later date countered the inference that the weapon used to shoot the victim was the witness’ gun. Commonwealth v. Baldwin, supra at 175. Further, where a witness’ pretrial statement stated that the witness saw the defendant and victim argue and then after going upstairs, the witness heard several gun shots, but the witness testified at trial that he saw the defendant and victim argue, saw the defendant with a gun in his hand, and then heard gun shots, at which point he quickly went upstairs, this discrepancy should have been disclosed because it was substantially damaging to the defense. Commonwealth v. Gilbert, supra at 894. Finally, where an investigating officer stated in his police report that he observed two sets of footprints outside a house that had been burglarized, but the officer testified at trial that he had observed three sets of footprints at the crime scene, this discrepancy was substantial and should have been disclosed where two co-defendants had already pled guilty to the burglary and the defendant’s trial strategy was to argue that he had an alibi and that the two sets of footprints at the scene belonged to the two co-defendants. Commonwealth v. Vaughn, supra at 442-43.
In the present case, the defendant contends that the complainant’s statements to police and the grand jury were unequivocal that the alleged rape occurred on a rainy Sunday in September of 1992, such that her trial testimony that the rape may have occurred in September or October of 1992 was a material change in substance of which he was entitled to notice prior to trial. This discrepancy does not directly concern the defendant’s participation in the alleged crime to the same degree as did the changes of testimony in the Gilbert and Vaughn cases, particularly because the defendant in the present case never raised an alibi defense. Nonetheless, given the defendant’s assertion that he relied on the indictments and discovery in making the weather in September of 1992 and the complainant’s faulty memory the heart of his defense, this Court will treat the change in the complainant’s testimony as more than a mere shift in detail.
The question thus arises whether the prosecution was aware of any intended change in the complainant’s testimony with respect to the date of the rape. At the hearing for a new trial on November 5, 1997, ADA Bradley represented to this Court that his understanding all along was that because the complainant did not report the rape for over four years, she had never been certain as to the date of its occurrence. She was certain that it was pouring that night and she thought it was a Sunday in September. ADA Bradley stated that although defense counsel notified him two months before trial that he intended to introduce evidence that it had not rained on a Sunday in September of 1992, the prosecution did not consider this particularly significant given that the indictment stated “on or about September 1992" and that the defendant never moved for a bill of particulars. ADA Bradley spoke to the complainant for approximately 15 minutes on the morning of trial and informed her that the defense would likely offer evidence that there were no rainy Sundays in September of 1992. The complainant responded that the only thing she could be sure of was that it was raining on the day she was raped, that she thought it was a Sunday because the stores were closed, and that she thought it was Fall of 1992, specifically September, but that she could not be certain due to the lapse of time. ADA Bradley then instructed the complainant to tell the truth as best she could remember. This Court credits ADA Bradley’s testimony and concludes that the prosecution did not in fact have knowledge that the complainant’s testimony at trial would differ significantly from her pretrial statements as to the date of *661 the rape.[2] Accordingly, this Court finds no violation of the prosecution’s continuing duty to disclose witness statements under Mass.R.Crim.P. 14(a)(4).[3]
Nonetheless, because Rule 30(b) directs the judge to consider whether justice may not have been done, this Court will examine whether the defendant was prejudiced by the unforeseen change in the complainant’s testimony. The proper inquiry is whether the defendant was materially hurt in his preparation of a defense by having to meet unexpected testimony. Commonwealth v. Gilbert, supra at 895. As in the case of delayed disclosure of exculpatory evidence, the court must examine whether the defendant was able to make effective use of the witness’ change in testimony in presenting his case, or whether his theory of defense was undermined by testimony significantly different from that anticipated on the basis of earlier statements. Commonwealth v. Viera, 401 Mass. 828, 833 (1988); Commonwealth v. Tucceri, 412 Mass. 401, 413 (1992).
According to the defendant, the crux of his case was that the complainant’s credibility with respect to whether she had been raped and with respect to her identification of the defendant was only as good as her memory of the weather on the date of the alleged incident. The defendant contends that if he had known the- complainant was going to testify that the rape occurred in September or October of 1992, he would have been able to impeach her with additional weather reports for October 1992 as well as those for September and October of 1991 showing that in September 1991, October 1991, September 1992 and October 1992 there were a total of 17 Sundays; that it rained on only four of those Sundays; and that the only Sunday with significant rain was on October 6, 1991.
In cross-examining the complainant at trial, the defendant made extensive use of the fact that she told police and the grand jury that the rape occurred in September of 1992 but then testified that it could have been October of 1992 after learning from ADA Bradley that it did not rain on any Sunday in September. This impeachment bolstered the defendant’s other lines of attack that the complainant’s memory of the rape and ability to identify the defendant were completely unreliable due to her addiction to crack cocaine at the time, and that the complainant’s allegation of rape should not be believed at all because of the delay of over four years in reporting it to police. Given the fact that the complainant was not even certain that the attack occurred on a Sunday, the introduction of the additional weather reports showing a lack of rain on Sundays in October would have had little, if any, additional impeachment value. The defendant’s vigorous and extensive cross-examination of the complainant concerning her memory as to the date of the alleged rape effectively removed any prejudice that may have been created from the unexpected equivocation in her testimony, and it is doubtful that the defendant’s cross-examination would have been significantly enhanced by the use of the additional weather reports. See Commonwealth v. Costello, 392 Mass. 393, 398 (1984); Commonwealth v. McLeod, 394 Mass. 727, 743 (1985). See also Commonwealth v. Tucceri, 412 Mass. 401, 414 (1992); Commonwealth v. Simmons, 417 Mass. 60, 72 (1994) (holding that where evidence tending to impeach a prosecution witness is merely cumulative, its belated disclosure does not ordinarily warrant the grant of a new trial).
This conclusion is supported by the fact that upon hearing the complainant’s equivocation as to the date of the alleged rape, the defendant failed to seek a continuance in order to obtain the additional weather records, despite the fact that the witness whom the defendant intended to call as the keeper of records at the Wastewater Treatment Plant was scheduled to testify that very afternoon, and apparently was present in the courthouse during the complainant’s testimony. The defendant’s failure to request a continuance after learning of the change in testimony “tends to refute the contention that the revelation required a different defense strategy that counsel had insufficient time to prepare." Commonwealth v. Bryant, 390 Mass. 729, 749 (1984). See also Commonwealth v. Cundriff, 382 Mass. 137, 150 (1980), cert. den. 451 U.S. 973 (1981); Commonwealth v. Baldwin, supra at 176; Commonwealth v. McLeod, supra at 743. Further, the morning of jury deliberations, this Court specifically asked defense counsel during a lobby conference whether it would be appropriate to re-open the evidence in the case so that the defendant could introduce the additional weather reports. However, defense counsel stated that it was not necessary to re-open the evidence and although he had the additional weather reports on hand, he declined to have them sent to the jury during their deliberations. Hence, this Court concludes that the defendant was able to make effective use of the complainant’s equivocation concerning the date of the alleged rape and was not prejudiced in his defense by her change in testimony.
II. Variance
The defendant further contends that the discrepancy between the indictment and the complainant’s trial testimony with respect to the date of the alleged rape constitutes a material variance pursuant to G.L.c. 277, §35, entitling him to a new trial. Chapter 277, Section 35 provides in relevant part:
A defendant shall not be acquitted on the ground of variance between the allegations and proof if the essential elements of the crime are correctly stated, unless he is thereby prejudiced in his defense. He shall not be acquitted by reason of . . . failure to prove unnecessary allegations in the description of the crime. G.L.c. 277, §35 (1992).
As a general rule, a crime must be “proved as charged.” Commonwealth v. Hobbs, 385 Mass. 863, 869 (1982). *662 This rule does not, however, apply to technical defects that do not affect the defendant’s substantial rights. Pursuant to c. 277, §35, a conviction will be upheld where the particular terms of the indictment from which the evidence departs were merely surplusage, unnecessary to describe the crime, and did not mislead the defendant or prejudice him in his defense. Commonwealth v. Hobbs, supra at 870. It is well established that the precise time and date of the offense is not an essential element of the crime of rape. See Commonwealth v. King, 387 Mass. 464, 467 (1982); Commonwealth v. Thomas, 399 Mass. 165, 169 (1987); Commonwealth v. Montanino, 409 Mass. 500, 512 (1991). Thus, any variance between the date of the rape as alleged in the indictment and as proved at trial would be fatal only if the defendant was prejudiced thereby.[4] As discussed supra, the defendant has not demonstrated that he was prejudiced in his defense by the variance regarding the date of the alleged rape. Compare Commonwealth v. Woods, 382 Mass. 1, 8-10 (1980) (granting a new trial on the ground of prejudice where the rape victim first alleged she was raped on September 23, 1975 but at trial could not be more specific than placing the rape in the latter part of September 1975, where the defendant had a strong alibi defense for certain dates during that time period, as he was in prison from September 20-25, free on a furlough on September 26-27, in prison again on September 28-29, and on furlough on September 30-October 1st). This Court concludes that the defendant’s conviction was not rendered unjust by the complainant’s equivocation as to the date of the offense. Accordingly, the defendant is not entitled to a new trial.
ORDER
Based on the foregoing, it is hereby ORDERED that the defendant’s motion for a new trial be DENIED.

 The defendant was also charged with one count of kidnapping in violation of G.L.c. 265, §26 (indictment #98933) on which the jury found him not guilty, and one count of indecent assault on a person over the age of 14 in violation of G.L.c. 265, §13H (indictment #98935) on which the court granted a motion for a required finding of not guilty at the end of the commonwealth’s case.

 This Court rejects the argument that the prosecution should have anticipated a change in the complainant’s testimony based on ADA Bradley’s informing her that there was evidence of the lack of rain on Sundays in September of 1992. This Court declines to draw the inference that ADA Bradley told the witness about the weather evidence for the purpose of suggesting that she alter her testimony.

 The defendant did not explicitly argue that the inconsistency in the complainant’s account of the date constitutes exculpatory evidence such that the prosecution’s failure to timely disclose it violates due process under Brady. See Commonwealth v. Liebman, 388 Mass. 483, 489 (1983); Commonwealth v. Viera, 401 Mass. 828, 832 (1988) (holding that a witness’ statement is exculpatory where its variance with previous statements permits a challenge to the credibility of a key prosecution witness). In any event, even if the change in tire complainant’s testimony were deemed exculpatory, given this court’s finding that the prosecution did not know in advance that the complainant’s testimony at trial would vary from her statements to police and the grand jury, there could be no violation of either Brady principles or the Rule 14 duty to disclose exculpatory evidence. See Commonwealth v. McLeod, 394 Mass. 727, 743, cert. den. 474 U.S. 919 (1985); Commonwealth v. Rose, 13 Mass.App.Ct. 951, 953, rev. den., 386 Mass. 1101 (1982).

 It should be noted the defendant failed to move for a bill of particulars as to the date of the alleged rape. The judge in his discretion may order the commonwealth to file a bill of particulars where necessary to give the defendant reasonable notice of the crime charged, including the time, place, manner or means. Mass. R. Crim. P. 13(b)(1); Commonwealth v. King, supra at 468; Regan v. Commonwealth, 415 Mass. 376, 378 (1993). The effect of a bill of particulars, when filed, is to bind and restrict the commonwealth as to the scope of the indictment and the proof offered in support of it. Commonwealth v. American News Co., Inc., 333 Mass. 74, 77 (1955); Commonwealth v. Edelin, 371 Mass. 497, 521 (1976). Even if the defendant, had moved for a bill of particulars, however, the commonwealth would only be required to furnish particular dates to the best of its ability. Commonwealth v. Vernazzarro, 10 Mass.App.Ct. 897, 898 (1980) (where bill of particulars gave dates of alleged indecent assaults as approximately two years before trial, judge properly refused to put the prosecution in a straitjacket by ordering further particulars as to dates). See also Commonwealth v. American News Co., Inc., supra at 77 (bill of particulars properly described the date of alleged offense as “within the three months next preceding amended June 16, 1950”). Finally, in the event of a variance between the particulars and proof at trial, the judge may order the bill of particulars to be amended, in the absence of prejudice to the defendant, or grant such other relief as justice requires. Mass.R.Crim.P. 13(b)(2); Commonwealth v. Iacovelli, 9 Mass.App.Ct. 694, 696-97 (1980).