NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1423

COMMONWEALTH

vs.

TOHIDULA A. CHOWDHURY.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from his conviction, after a Superior Court jury-waived trial, of failure to register as a sex offender.  G. L. c. 6, § 178H (a) (1).  See G. L. c. 6, §§ 178E (h), 178F1/2.  On appeal he argues that (1) the judge erred in finding him guilty despite a prejudicial variance between the complaint and the trial evidence, (2) there was insufficient evidence that his violation was knowing, and (3) various errors by the prosecutor entitle him to a new trial. We affirm.

1.  Variance.  a.  Background.  The complaint was issued on November 16, 2022, and its caption alleged that on the preceding day, November 15, 2022, at an address in Medford, the defendant

had committed and was arrested for the offense of failure to register as a sex offender.  As discussed infra, the evidence at trial was sufficient to prove those allegations.  The body of the complaint, however, alleged that the offense occurred on January 1, 2015.  The variance between that allegation on the one hand, and the trial evidence on the other, gives rise to the defendant's first claim of error.

The evidence at trial was that on November 15, 2022, a police officer was dispatched to the Medford address to investigate a woman's report of a domestic dispute with her husband, the defendant.  While at the scene, the officer learned from an electronic query that the defendant was a level two sex offender registered at an address in Somerville.  On the defendant's two most recent sex offender registration forms, completed on October 4, 2021, and October 18, 2022, he had listed only his Somerville address.  However, the defendant was present at the Medford address, and he stated, in response to the officer's question, that he had been staying there for eleven months.  The defendant's wife also testified that she had lived at the Medford address with the defendant for one year and that the defendant had been living with her the entire time.

At the close of the evidence, the defendant moved for a required finding of not guilty, based on the absence of evidence

2

that he had failed to register on January 1, 2015. The judge denied the motion, stating from the bench that he viewed the January 1, 2015 date in the complaint as a scrivener's error, intended to read November 15, 2022, and thus was a non-fatal defect of form rather than substance.[1] He ruled that the dates in the complaint's caption -- showing the offense and the arrest as occurring on November 15, 2022, and the issuance of the complaint on November 16, 2022 -- gave the defendant "sufficient notice" that the Commonwealth sought to prove the offense occurred on November 15, 2022. He rejected the defendant's suggestion that the issue be analyzed as a question of whether the complaint could be amended, declaring that the Commonwealth had not sought an amendment, and he had not allowed one. He also found the evidence sufficient that, on November 15, 2022, the defendant had violated the statute by failing to provide notice of a change of address. See G. L. c. 6, § 178H (a) (iii). The judge therefore found the defendant guilty of failing to register as a sex offender.

b. Discussion. Although on appeal the defendant persists in arguing that the complaint could not properly have been amended, it never was amended, and the defendant's approach

_____

[1] The judge recognized that the notation "11/15" (November 15) might be mistaken for "1/1/15" (January 1, 2015).

3

confuses rather than clarifies the issues.  Instead, we review whether the variance between the complaint and the evidence entitles the defendant to relief.  "A defendant shall not be acquitted on the ground of variance between the allegations and proof if the essential elements of the crime are correctly stated, unless he is thereby prejudiced in his defence."  G. L. c. 277, § 35.  See, e.g., Commonwealth v. Day, 387 Mass. 915, 922 (1983) (defendant not prejudiced by incorrect date in indictment).  Here, there was no error in the statement of the elements of the offense, and the defendant was not prejudiced by the error in alleging the date of the offense.

First, the date on which the defendant committed the offense of failure to register his change of address was not an element of the offense.  "The time and place of the commission of the crime need not be alleged unless it is an essential element thereof."  G. L. c. 277, § 20.  The defendant points to nothing in the statute establishing the crime, G. L. c. 6, § 178H, that makes the date on which a person violated the statute an element of the offense.  Cf. Commonwealth v. Knight, 437 Mass. 487, 492 (2002) ("Although a date of death was included in the original indictment, it is not an essential element of the crime of murder"; statutory definition of murder does not include date of victim's death).  "The time alleged for

4

an offense is ordinarily treated as [a] matter of detail rather than substance," so "there will be no fatal variance if the Commonwealth has alleged one time for the commission of an offense and proves that it occurred, but at another time" (citations omitted).  Commonwealth v. Campiti, 41 Mass. App. Ct. 43, 50 (1996).  See Knight, supra at 492 (quoting Campiti with approval); Commonwealth v. Lester, 70 Mass. App. Ct. 55, 70 n.16 (2007).

We therefore focus on whether the defendant was prejudiced by the variance between the body of the complaint and the evidence at trial.  Contrary to the defendant's assertion that the judge did not address the issue of prejudice, the judge twice stated his view that the defendant was sufficiently on notice that, despite the date stated in the body of the complaint, the Commonwealth sought to prove an offense that occurred on November 15, 2022.  This was a determination that the defendant was not prejudiced by the variance.

We see no error in that determination.  The caption of the complaint alleged that the offense had occurred on November 15, 2022, that it occurred at the Medford address, that the defendant had been arrested for the offense on that date, and

5

that the complaint issued the very next day.[2]  As far as the record shows, at no point before the trial did the defendant dispute either the fact of his arrest on November 15, 2022, or the reason for it:  that he was found on that date at the Medford address, and had stated that he had been staying there for eleven months, yet remained registered at the Somerville address.[3]  At trial, the defendant did not object when the Commonwealth offered evidence, including his own statement, of his failure to be properly registered on November 15, 2022.  Cf. Commonwealth v. Megna, 59 Mass. App. Ct. 511, 515-516 (2003) (claim of prejudicial variance undercut by failure to object to

---

[2] We recognize that where there is "a discordance between the caption and the text in the body of the indictment, the text would govern and supersede the caption" (citations omitted). Commonwealth v. Fernandes, 46 Mass. App. Ct. 455, 459, S.C., 430 Mass. 517 (1999), cert. denied sub nom. Martinez v. Massachusetts, 530 U.S. 1281 (2000).  See E.B. Cypher, Criminal Practice and Procedure § 16:4 & n.8 (4th ed. 2014).  This principle may require the complaint here to be read, in accordance with its body, as alleging that the offense occurred on January 1, 2015, but it does not require that the caption of the complaint be ignored when determining whether the defendant was on actual notice of what the Commonwealth sought to prove.

[3] All of this evidence was recited in the complaint application and attached police report, and the report said nothing about the defendant's registration status or other conduct on January 1, 2015.  The report was required to be produced to the defendant in discovery, see Mass. R. Crim. P. 14 (a) (1) (A) (vii), as amended, 444 Mass. 1501 (2005), and the defendant does not claim he was unaware of it.

6

evidence crime was committed on dates different from those alleged in indictment).

"Similarly, nothing in the record suggests that the defendant relied to his detriment upon the . . . date" alleged in the charging document.  Commonwealth v. Kope, 30 Mass. App. Ct. 944, 945 (1991).  To be sure, trial counsel asserted in his opening statement that the complaint alleged the offense to have occurred on January 1, 2015 "and no other" date.[4]  And counsel later claimed, in support of his motion for a required finding, that he assumed the Commonwealth had intended to prove a violation on January 1, 2015.  Tellingly, however, counsel never asserted (nor does the defendant's appellate brief claim) that he was unprepared to defend against evidence of a violation on November 15, 2022.[5]  It is not enough for the defendant simply to

---

[4] This statement put the Commonwealth on notice of what it should already have known:  that there might be some reason to read the complaint in that fashion.  At that point the Commonwealth could have sought to amend the complaint.  Its failure to do so, however, has no bearing on the question whether the uncorrected variance prejudiced the defendant.

[5] The defendant's brief argues that "the offense date in the complaint's body is material where the description of the crime charged lacks any data to identify the specific crime being charged other than the offense date."  To whatever extent this is meant as a claim that the defendant lacked notice of the specific charge against him, we reject the claim.  The caption of the complaint alleged that the offense had occurred at the Medford address, putting him on notice that his alleged residency there was part of the charge against him.

declare (as his brief does) that he relied on the January 1, 2015 date in the body of the complaint; he must point to something he would have done differently had the date been stated instead as November 15, 2022. He has not done so. "Review of the transcript of the trial does not disclose that the defense was in any way misled or surprised by the prosecution's case." Id.

Finally, "[t]he allegation of time in the caption shall, unless otherwise stated, be considered as an allegation that the act was committed . . . within the period of limitations." G. L. c. 277, § 20. Here, the caption alleged that the offense occurred on November 15, 2022, well within the six-year limitations period of G. L. c. 277, § 63. Had the defendant understood that he was being charged with an offense committed on January 1, 2015 -- more than seven years before the complaint was issued -- we would expect the defendant to have moved to dismiss or at least voiced some objection on that ground, which he never did. Indeed, had he understood that the charge concerned conduct on January 1, 2015, we would have expected him to move to dismiss the complaint as not based on probable cause, which, again, he never did.

For all of the foregoing reasons, the judge did not err in determining that the variance between the complaint and the evidence caused the defendant no prejudice.

2. <u>Sufficiency of evidence of knowing violation</u>. The defendant argues that there was insufficient evidence his violation of the statute was knowing. In a prosecution for a violation of G. L. c. 6, § 178H (<u>a</u>), "the Commonwealth [is] required to prove that the defendant knew of the requirement that he register but did not do so despite this knowledge . . . [and] cannot meet its burden merely by establishing that the knowledge was available to the defendant" (quotation and citation omitted). <u>Commonwealth</u> v. <u>Rossetti</u>, 489 Mass. 589, 615 (2022). We review to determine "whether, after viewing the evidence in the light most favorable to the prosecution, <u>any</u> rational trier of fact could have found the [knowledge element] of the crime beyond a reasonable doubt." <u>Commonwealth</u> v. <u>Latimore</u>, 378 Mass. 671, 677 (1979), quoting <u>Jackson</u> v. <u>Virginia</u>, 443 U.S. 307, 319 (1979).

Here, the evidence of knowledge was plainly sufficient. That evidence included certified copies of the defendant's sex offender registration forms. Among those forms were letters mailed to him individually, each year since 2015, informing him that he must give local police at least ten days advance notice

9

of any change of residence and that failure to do so could subject him to prosecution. Also in evidence were registration forms signed by the defendant in October 2021 and October 2022, in which he acknowledged having read and understood certain requirements, including that he must give at least ten days advance notice of any change of residence. He had signed the October 2022 form, which also listed his Somerville address, less than one month before he told the officer on November 15, 2022, that he had been staying at the Medford address for eleven months. This was sufficient to prove beyond a reasonable doubt that the defendant knew of his registration obligation.

3. <u>Claims of prosecutorial error</u>. The defendant argues that "multiple prosecutorial errors all artificially bolstered the evidence of the amount of time [he] spent at the Medford address in 2022 versus his registered Somerville address." After reviewing these claims in turn, we conclude that any errors were not prejudicial.

The defendant first asserts that his wife, "the chief witness[,] whose first language was Bengali, may have been hampered by a language barrier." But both the judge and the prosecutor asked if she needed or wanted an interpreter, and she expressed no desire for one. The defendant, who himself spoke Bengali, did not assert, through counsel or otherwise, that

10

anything to which his wife testified reflected her lack of understanding of or inability to communicate in English. On appeal the defendant points to a passage of the transcript that he claims reflects his wife's "difficulty understanding certain questions," yet our review of the transcript discloses no instance in which her essential meaning was unclear. Moreover, the cited passage does not concern the defendant's residence or registration status. Finally, his wife was not the chief or only witness who testified as to his residence. The officer also testified to the defendant's admission that he had been staying at the Medford address for the preceding eleven months.

The defendant next argues that, after the prosecutor asked his wife whether the defendant had been living with her for "the entire time" (one year) she had been living at the Medford address, and she answered, "Yes," the prosecutor improperly failed to "develop that one-word answer" and instead moved on to another topic. But the defendant did not object at the time that the question or answer were improper or unclear. Nor do we think they were. Leading questions may be used on direct examination where "necessary to develop the witness's testimony," Mass. G. Evid. § 611(c) (2025), and it would not have been an abuse of discretion for the judge to have permitted this question had objection been made. Moreover, trial counsel

11

cross-examined the wife, yet did not seek to challenge or clarify her answer to the question. Finally, as mentioned above, the officer recounted the defendant's own statement as to how long he had been staying at the Medford address. Any error in admitting the wife's testimony on the issue was not prejudicial.

Continuing, the defendant challenges as "speculative and conjectural" a passage of the prosecutor's closing argument. The prosecutor asserted that the wife testified the defendant had been living with her in Medford, rather than Somerville, as of the time the defendant registered his Somerville address with police. This was a reasonable characterization of the wife's testimony and the documents in evidence. A prosecutor may base her closing argument on facts in evidence and fair inferences drawn from those facts. See Commonwealth v. Hoffer, 375 Mass. 369, 378 (1978). Counsel's lack of objection is a further indication that the prosecutor's comments were not unfairly prejudicial. See Commonwealth v. Toro, 395 Mass. 354, 360 (1985).

Finally, the defendant claims the prosecutor misstated the evidence, by arguing that the officer recounted the defendant's admission to be no longer living in Somerville, whereas the officer testified only that the defendant admitted to having

12

been staying at the Medford address for the preceding eleven months.  Again, we view the prosecutor's argument as a fair inference from the evidence and the defendant's lack of objection as confirming that there was no unfair prejudice.  For similar reasons, we are unpersuaded that the prosecutor's use of the phrase "living at," rather than "staying at," was error.

In sum, if there were any errors at trial, they were not prejudicial, and they certainly created no substantial risk of a miscarriage of justice.  That is, we are not left with "a serious doubt whether the result of the trial might have been different had the [claimed] error[s] not been made." Commonwealth v. LeFave, 430 Mass. 169, 174 (1999).

Judgment affirmed.

By the Court (Sacks, Hershfang & Tan, JJ.[6]),

Clerk

Entered: May 13, 2025.

---

[6] The panelists are listed in order of seniority.